[No. 5083.]

DAVID GOLDSTEIN *v.* J. R. KELLY AND FREDERICK ROEDING, TRUSTEES IN BANKRUPTCY OF THE ESTATE OF THE CALIFORNIA BUILDING AND LOAN SOCIETY, AND WILLIAM McKIBBIN, SHERIFF, AND B. J. SHAY.

INJUNCTION TO PREVENT CLOUD ON TITLE.—Although a court of equity will interfere by injunction to prevent a cloud from being cast on title, yet it is not deemed necessary to exercise such authority to the injury of strangers.

IDEM.—It is discretionary with a court to grant an injunction to restrain a sheriff's sale because it will cast a cloud on title. After the sale is made, and the delivery of a deed is threatened, the injunction may be properly granted.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff averred in his complaint that, on the 17th of April, 1866, Simon Jones owned a lot on Mission street, near Seventeenth street, and sold and conveyed it to Thomas Jones; that on the 12th day of November, 1867, the Board of Supervisors levied an assessment of $644.93 against Thomas Jones for grading the street in front of the premises; that the assessment was assigned to E. F. Dennison, the contractor, who, on the 12th day of November, 1869, commenced suit on it in said court, against Thomas Jones, and recovered judgment on the 14th day of June, 1871, enforcing the lien; that by virtue of an order of sale issued on the judgment, the sheriff sold the premises, and Nathan Goldstein became the purchaser, on the 31st day of October, 1872, and received a sheriff's deed; that on the 13th day of April, 1874, said Nathan Goldstein conveyed the premises to the plaintiff; that on the 27th day of May, 1867, Simon Jones mortgaged the property to the California Building and Loan Society, to secure his notes for $600; that after the execution of the mortgage, the Loan Society became bankrupt, and defendants Kelly and Roeding were appointed its assignees by the District Court of the United States; that May 4, 1871, they commenced suit to enforce the mortgage, and on the 30th of March, 1875, obtained a decree against the mortgagor alone, enforcing the mortgage; that an order of sale was issued April 11, 1875, on the decree and placed in the hands of defendant McKibbin, who was threatening to sell the premises and execute a deed, which would be a cloud on the plaintiff's title. There was a prayer for a preliminary injunction, and that, on the trial, it might be made perpetual. The court granted a preliminary injunction, and, on motion of the defendant, dissolved it. The plaintiff appealed from the order dissolving the injunction.

*Howe & Rosenbaum,* for the Appellant.

The demurrer should have been overruled, for the complaint shows that the threatened sale will be a cloud on plaintiff's title. (*Pixley* v. *Huggins et al.,* 15 Cal. 127; *Englund* v. *Lewis,* 25 Cal. 337; *Lick* v. *Ray,* 43 Cal. 83.)

*William M. Pierson, D. H. Whittemore and J. M. Seawell,* for the Respondents.

The sale would have created no cloud, neither would the certificate of sale. The deed alone would create a cloud, and it is extremely doubtful if that would.

But this was a proposed sale on the foreclosure of a mortgage. No judgment could be docketed and no execution issued until after the sale and return of the sheriff, showing a deficiency. The court, by preventing a sale, would prevent the defendants obtaining an execution against Jones or wife, or a recovery upon the personal judgment forever. (*Bonaparte* v. *Camden & Amboy R. R. Co.,* 1 Baldwin Cir. C. 218.)

By the COURT:

No doubt a court of equity will interfere by injunction to prevent a cloud upon a title; but it is not deemed necessary to exercise the authority in that respect to the injury of strangers. Neither of the cases relied upon by the appellant present the features of this case in that respect.

We think the court below was correct in the exercise of its judicial discretion upon this point.

We have no doubt that after a sale shall have been made and the delivery of a deed threatened, the motion as made in this case might be properly made.

Order affirmed.