## Leake *vs.* Smith *et al.*

[This case was argued at the last term, and the decision reserved.]

The order of the chancellor upon this application for injunction, though not in the terms of complainant's prayer, keeps the subject-matter in dispute in the position in which it was found when the bill was brought, and protects every interest of the contending parties, until the cause can be finally heard. Nice and doubtful questions were properly not determined on the preliminary hearing under *ex parte* affidavits, and those questions will not be reviewed here.

March 9, 1886.

Injunction. Before Judge Brown. Gilmer County. At Chambers. October 19, 1885.

On July 31, 1885, William W. Leake filed a bill against R. L. Smith, of Gilmer county, and five others, non-residents, alleging, in brief, as follows: He was the owner of a lot of land in Gilmer county, valuable for mining purposes. The real vein of gold had never been discovered until recently. Prior to June 6, 1885, Smith represented to him that, if he would make a contract with him and his associates, they would so work the mine as to carry out the terms of the contract; and it was accordingly signed. In fact, Smith had discovered a valuable vein of gold before making the contract, but concealed it and pretended to discover it afterwards. He then pretended to transfer a right to the other defendants, and Smith and the transferees entered upon the land after complainant had revoked the fraudulent contract. They are taking and conveying away gold, interfering with the tenants of complainant, and committing divers trespasses on

the lot, to the damage of complainant. On July 13, 1885, complainant served written notice upon Smith that he had revoked the contract, had resumed possession of the land, and in future would act as if no contract had been made. On July 14, he gave notice also to Tate, one of the transferees, for himself and his associates, that he denied the right of Smith and them to sell and assign any rights under the contract, that the attempt which they had made to do so had forfeited the revocable rights under the contract, and that he had taken possession and revoked all privileges granted thereunder. The defendants are taking gold from the land, and the complainant has no way of ascertaining the exact value thereof or of computing the damage done ; and unless restrained, they may destroy the value of the land by unskillful mining and reckless conduct. They have no legal or equitable right upon the land, but have taken possession by force and fraud. The prayer was for injunction, restraining the defendants from entering upon the land or holding possession thereof, and from mining, digging or taking away minerals of any kind therefrom; that the contract and any assignment thereunder be cancelled and complainant's right and title be decreed free from the contract; also for general relief and subpœna. Discovery was waived.

The defendants answered, denying the allegations of fraud, misrepresentation, etc., and asserting good faith, and alleging that the complainant was present, knew of the assignment of their interest in the contract by some of the parties thereto, interposed no objection and made no claim that the contract was void. On the contrary, he acknowledged his signature thereto, which they required as an inducement to make the purchase. The defendants are, in good faith, developing the mines and the land, and have expended money for that purpose. Tate *et al.* denied that they were taking gold from the land, but said they were expending money for the development of the mines. They deny also any notice, except one served on Tate on July 14, 1885, after the purchase by him and others of

their interest. By way of cross-bill, the defendants prayed that the complainant be enjoined from interfering with the work on the land.

On the hearing, the bill, answers and certain affidavits were read. The chancellor granted the following order :

" After hearing argument in this case, it was agreed by the counsel for the complainant and respondents that the judge take the papers and decide the case at such time as might suit his convenience; and after considering said case, it is ordered and adjudged that respondents be allowed to remain in possession of said gold mine till the final hearing of said bill, for the purpose of stripping said vein and developing the mines so as to put it in condition to be placed on the market in such a form as to make it show to the best advantage, and that they be allowed to do whatever work is necessary for that purpose. But they are hereby restrained and enjoined from carrying off and disposing of any of the ore or gold, or separating the ore from the gold, except such small quantities as may be necessary in making the test and developing the mine and ascertaining the richness of the ore. They may remove such specimens of the ore as may be necessary to exhibit to parties who might want to purchase said mine, for the purpose of bringing it into notice, so that it could be the more readily sold after the final hearing and disposition of the bill. But they shall carry no specimens off of said mine or away from where they store the ore at or near said lot without exhibiting the same to complainant or his attorney or agents, and shall keep a strict account of all such specimens and account for them on the final hearing of this bill. Nothing in this order shall be so construed as to prevent complainant from mining on any part of said lot, provided he does not locate so near defendant's work as to interfere with them."

The complainant excepted.

MILNER, AKIN & HARRIS, for plaintiff in error.

GEO. R. BROWN; B. F. ABBOTT; P. P. DUPRE, for defendants.

HALL, Justice.

The order of the chancellor upon this application for an injunction, though not in the terms of complainant's prayer, keeps the subject-matter in dispute in the position it was found when the bill was exhibited, and protects every in-

terest of the contending parties until the cause can be finally heard. It is true that it determines none of the nice and doubtful questions made, and this is the proper course to pursue upon a preliminary hearing, where it is always difficult, and sometimes impossible, to get all the evidence bearing upon the case before the judge. Usually the *ex parte* affidavits resorted to in such cases are partial and deficient in fullness, rarely disclosing affiant's complete knowledge of the things about which he testifies. The only point on which we can pass is whether the judge has abused his discretion in the qualified sanction of this bill. The several questions urged in argument seem not to have been decided by him, and it would appear unseemly in us to offer instructions as to their disposition in advance of any direction given by him. Common courtesy, as well as the presumptions of law in his favor, would seem to require us to infer that, when he acts upon them, he will reach a correct, rather than an erroneous, conclusion. So far from abusing his discretion, we think he has exercised it prudently and cautiously. The order is still under his control, and if any exigency should arise requiring a modification of it, he will doubtless interpose and make a suitable alteration.

Judgment affirmed.