(March 6, 1888.)

# WASHINGTON AND IDAHO RAILWAY COMPANY v. COEUR D'ALENE RAILWAY AND NAVIGATION COMPANY ET AL.

[17 Pac. 142.]

INJUNCTION—DISCRETION OF COURT.—The granting of a preliminary injunction resting in the sound discretion of the court, the appellate court will not disturb the same where there is no abuse of discretion.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn and J. T. Morgan, for Appellant.

The lands or right of way of one railroad company cannot be taken as a right of way by another railroad company, except for mere crossings, and then only for crossing purposes, and not for exclusive occupancy. (*Cake v. Railroad Co.*, 87 Pa. St. 307; *Pennsylvania R. Co.'s Appeal*, 93 Pa. St. 150; *In re City*

of *Buffalo*, 68 N. Y. 167; *In re New York Cent. R. R. Co.,* 77 N. Y. 248; *In. re New York etc. R. Co.*, 20 Hun, 201; *Housatonic R. Co. v. Lee etc. R. Co.*, 118 Mass. 391; *Worcester etc. R. Co. v. Railroad Commrs*, 118 Mass. 561; *Boston etc. R. Co. v. Lowell Lawrence Co.*, 124 Mass. 368.) Laying tracks within the company's location is a "taking" within the statutes. (*Worcester etc. R. Co. v. Railroad Commrs.*, 118 Mass. 561.) Courts of equity will interfere to prevent interference with corporate franchise or private property, where such interference is in the nature of a nuisance, or amounts to an exclusion, and when the intruder has no title or color of title. (*Commonwealth. v. Pittsburgh etc. R. Co.*, 24 Pa. St. 159, 62 Am. Dec. 372; *Bigelow v. Bridge Co.*, 14 Conn. 565, 36 'Am. Dec. 502; *O'Brien v. Railroad Co.*, 17 Conn. 72; *Cory v. Railroad Co.*, 3 Hare, 593; *Mohawk Bridge Co. v. Utica etc. R. Co.*, 6 Paige, 554; *Bell v. Railroad Co.*, 25 Pa. St. 161, 64 Am. Dec. 687.) Where a party claims a franchise under a statute, and is in the possession and enjoyment of such franchise, equity will interpose to protect and secure the enjoyment of such franchise, because it affords the only plain and adequate remedy. (*Newburgh Turnpike Road v. Miller*, 5 Johns. Ch. 101, 9 Am. Dec. 274; *Boston Water Power Co. v. Boston etc. R. Corp.*, 16 Pick. 525.)

Richard Z. Johnson, for Respondents.

The granting or refusing the preliminary injunction rests in the sound discretion of the court. (*Hicks v. Michael*, 15 Cal. 108, 117; *Slade v. Sullivan*, 17 Cal. 102, 106; *Goldstein v. Kelly*, 51 Cal. 301.) And this discretion should always be exercised in favor of the party most liable to be injured. (*Hicks v. Compton*, 18 Cal. 210; 1 High on Injunctions, secs. 598, 601; 3 Wait's Actions and Defenses, 683, 688; 4 Field's Lawyers. Briefs, secs. 253, 254.) When an injunction restraining the use of a railway would not only be productive of great injury to the railway company and to the public, but would result in no corresponding advantage to anyone, not even to the person asking such relief, it will not be granted. (1 High on Injunctions, sec. 598; 3 Wait's Actions and Defenses, 723.) The supreme court will not interfere with the action of the court below, unless·

there has been an abuse of discretion. (*Parrott v. Floyd,* 54 Cal. 534; *Efford v. Railroad Co.,* 52 Cal. 277-279; *Coolot v. Railroad Co.,* 52 Cal. 65; *Patterson v. Supervisors,* 50 Cal. 344; *Payne v. McKinley,* 54 Cal. 532; *White v. Nunan,* 60 Cal. 406.)   Equity will not restrain trespass, unless injury is irreparable, and cannot be compensated in damages. (*Waldron v. Marsh,* 5 Cal. 119; *Schurmeier v. Railroad Co.,* 8 Minn. 113 (Gill. 88), 83 Am. Dec. 770; *Burnett v. Whitesides,* 13 Cal. 156; *Tomlinson v. Rubio,* 16 Cal. 202, 206; *Tevis v. Ellis,* 25 Cal. 519; *Leach v. Day,* 27 Cal. 643, 646; *Mechanics' Foundry v. Ryall,* 62 Cal. 418; *Roebling v. Bank,* 30 Fed. 744, 745.) Nor where there is an adequate remedy at law. (*Schurmeier v. Railroad Co.,* 8 Minn. 113 (Gill. 88), 83 Am. Dec. 770; *Richards v. Kirkpatrick,* 53 Cal. 443; *Canal Co. v. Kidd,* 37 Cal. 307; *Rahm v. Minis,* 40 Cal. 422; *San Francisco v. Beideman,* 17 Cal. 464.)

HAYS, C. J.—This action was brought to obtain a temporary and also a perpetual injunction.   At the hearing of the application for a preliminary injunction the court refused to grant the writ upon the showing then made, or at that time, but postponed the hearing of such application to a future time. From such order an appeal has been taken to this court.

The granting or refusing of a temporary injunction rests in the sound discretion of the court. (*Hicks v. Michael,* 15 Cal. 108; *Slade v. Sullivan,* 17 Cal. 103; *Goldstein v. Kelly,* 51 Cal. 301.)   This court will not disturb the action of a trial court unless there has been a clear abuse of such discretion. (2 High on Injunctions, sec. 1696; *Payne v. McKinley,* 54 Cal. 532; *Parrott v. Floyd,* 54 Cal. 534; *Patterson v. Board,* 50 Cal. 344; *White v. Nunan,* 60 Cal. 406.)   After a careful examination of this case, we think the rights of the appellant may be fully protected upon the final hearing; or, if deemed necessary, upon a future hearing of the application for a temporary injunction, as provided for in the order herein appealed from. We are therefore not prepared to say that there has been such an abuse of discretion as would warrant us in interfering.

The order of the court below is affirmed, and the case remanded for further proceedings according to law.

Buck and Broderick, JJ., concur.