NORTHERN PAC. R. CO. *v.* CITY OF SPOKANE *et al.*

*(Circuit Court, D. Washington, E. D.   September 15, 1892.)*

No. 115.

1. INJUNCTION—PRELIMINARY ORDER—QUESTIONS OF TITLE.
   A court of equity cannot, upon the hearing of an application for a preliminary injunction in advance of the taking of evidence, decide questions of title adversely to a party in possession of real estate, and the property should be protected from injury by his opponent during the hearing of the controversy.

2. SAME—CONTRACT RIGHTS—CITY ORDINANCE.
   A city claimed the right to destroy a wooden building because it was maintained in defiance of a city ordinance and in derogation of the terms of the permit granted by the city for its erection.   *Held,* that the city government had no power to enforce the terms of the permit by destroying the building without process of law, and a restraining order should not be vacated.

3. SAME.
   An order restraining a city from preventing the erection of a new depot by a railroad on the site of an old one *pendente lite* gives the railroad too great an advantage while the title is in dispute, and should not be granted.

In Equity.   Bill by Northern Pacific Railroad Company to restrain the city of Spokane and others from destroying an existing ·depot, and from preventing the building of a new one.   A preliminary restraining order was granted.   Heard on motion to vacate the order.   Granted in part.

*J. M. Ashton* and *Albert Allen,* for plaintiff.
*Geo. Turner* and *P. F. Quinn,* for defendants.

HANFORD, District Judge.   The complainant, for the transaction of its freight business at the city of Spokane, has in use a cheaply constructed wooden warehouse, situated within the limits of its right of way. This structure was only designed for temporary use, and was hastily built immediately after the conflagration which occurred on the 4th of August, 1889, and is upon the site of the freight depot theretofore in use, and which was consumed in said conflagration.   There is a controversy between the railroad company and the city of Spokane as to the title to part of the ground covered by said warehouse, the railroad company claiming that its title is perfect, and the city claiming that, by act of the railroad company, part of the ground covered by it was dedicated to the public for a street; that it is an obstruction of a public street, and therefore a nuisance, and on that ground the officers of the city propose to tear it down, and also to prevent the railroad company from erecting a new freight depot covering any part of the ground within the

limits of the alleged street. The object of this suit is to obtain a decree which will determine the adverse claims of the parties respecting the title to this piece of ground, and the complainant has made application to the court for an injunction to prevent the defendants from tearing down said temporary structure, and from interfering with the erection of its proposed freight depot during the pendency of the suit. Said application was, by an order of the judge of this district, set for hearing on the 4th day of October, 1892, and at the same time a temporary restraining order was granted, forbidding the threatened destruction of said temporary warehouse and all interference by the defendants with the complainant in its possession of said ground, or work in erecting its proposed freight depot. The city of Spokane has moved to vacate said restraining order, on the ground that the same unjustly interferes with the lawful exercise of its powers as a municipal corporation, to the injury of the inhabitants of said city.

Whether the said officials have or have not lawful authority to enter upon ground in possession of the railroad company, and interfere with the transaction of its business, by the summary destruction of the only freight warehouse which it has in the city of Spokane, on the ground that the same is an obstruction of a public street, is a question which involves the determination of the issue between the parties as to the title to said ground. On the part of the defendants it is insisted that the judge has power to determine this issue upon the present hearing, and that it is his duty to do so; a similar contention has been made before me several times, and I have, after patiently hearing and considering all arguments advanced, several times reiterated the opinion that a judge cannot, upon the hearing of an application for a temporary injunction in advance of the taking of evidence, decide questions of title adversely to a party in possession of real estate; and that such a party, when claiming to have a lawful right to the possession and use thereof, and coming into a court of equity for the purpose of submitting for its determination a disputed question as to his title and rights respecting such property, is entitled to have the same protected from injury at the hands of the adverse party during the time necessary for the hearing and determination of the controversy by the court. I have heard and given due consideration to the able arguments made by counsel for defendants in opposition to this rule, but my mind has become strengthened in the belief that the rule is sound, and no sufficient reason appears for not applying it in this case.

It is claimed that the city has a right to demolish said warehouse, under the provisions of its fire limit ordinance, because the same is constructed of combustible material, and its existence is a menace to the city. I would not be willing to restrain the officers of the city from enforcing its valid ordinances, and I may conclude, upon the final hearing of this case, that the ordinance referred to does authorize the city to destroy said building as proposed. But it is claimed on the part of the complainant that this building was erected before the ordinance referred to took effect, and therefore it is no violation of the ordinance to main-

tain it.   The facts as to the time when the building was constructed, and the date on which the ordinance took effect, do not clearly appear, and I am in doubt as to whether or not this building is one for the removal of which the ordinance gives authority; and it is my opinion that the restraining order should continue in so far as to forbid the invasion of the premises in the complainant's possession, and the destruction of property, and interruption of its business, until the final hearing and determination of all the questions involved.   The city council of Spokane passed a resolution before the erection of this building, requiring its officers to prevent the erection of wooden buildings within limits including the ground referred to, without a permit from the council; and to construct this building a permit was obtained by the plaintiff from the council, upon an express promise, made by agents of the complainant, that the same should not be maintained longer than nine months, and that it should be removed at any time upon ten days' notice that the said city government required it.   This resolution and agreement, however, are matters in the past; the resolution gives no color of authority to destroy buildings for the construction of which a permit was obtained from the council, and it is not a part of the functions of the city government to enforce the terms of an agreement by forcible measures without process of law, as proposed in this instance.

The purpose of a restraining order *pendente lite*, in all cases of this nature, is to preserve property which is the subject of controversy, in its existing condition, until a final hearing and determination of the cause; and the order should be limited so as to simply preserve the *status quo*, and should not give either party an advantage by proceeding in the acquisition or alteration of property, the right to which is disputed, while the hands of the other party are tied.   I think, therefore, that the restraining order heretofore granted goes too far, in this: that it forbids interference by the city government with the erection of a building upon a site which is the subject of litigation, and in violation of an ordinance of the city requiring that, before commencing to erect the same, the plans and specifications for such building be submitted to inspection, and that a permit be obtained after the inspection.

Therefore the order heretofore granted will be modified by eliminating so much of it as forbids the hindering or obstruction of the railroad company in the erection of its proposed new freight depot, and in all other respects it will be continued until the further order of the court.