F. S. FAISON v. C. HARDY, Trustee, et al.

*Injunction—Degree of Proof Necessary to Obtain Interlocutory Injunction—Conflicting Affidavits—Parol Trust.*

1. Where a plaintiff claiming an equitable interest in land and seeking to restrain its sale under a deed of trust asks for an account and establishes a *prima facie* case which is not rebutted by the defendant, "a serious controversy" has arisen, which entitles the plaintiff to an injunction and account.

2. A party seeking an interlocutory injunction is not required to establish his right with the same precision and certainty that is necessary on the final hearing; therefore, while on the trial of an issue as to the existence of a parol trust the plaintiff must produce strong and convincing proof of an agreement amounting to a trust existing at the time, the rule does not apply to the intensity of proof to be offered in the prosecution of a remedy ancillary to the real object of the action.

3. Where a purchaser of land executed a trust deed to secure the purchase-money under which the trustee advertised the land for sale, and F. brought an action to restrain the sale and for an accounting, alleging in his complaint that there was a parol trust in the land whereby he became the owner of the equity of redemption therein, and claiming that the notes were entitled to credits other than had been given, and his averments were corroborated by affidavits but denied by the answer of defendant and affidavits in support thereof: *Held*, that the Court properly granted an interlocutory injunction.

This was an APPEAL from an order, in a cause pending in NORTHAMPTON Superior Court, made by *Hoke, J.,* in Chambers, by consent, at Halifax, on May 24, 1893, continuing the restraining order until the hearing, and from which ruling the defendants appealed.

*Messrs. R. B. Peebles* and *W. H. Day,* for plaintiff.
*Messsrs. Thomas N. Hill* and *W. D. Pruden,* for defendants (appellants).

MacRae, J.: Passing by the long statement of facts leading up to the matters in controversy, it appears that in 1876 the Farmers' Loan and Trust Company conveyed certain lands by deed in fee-simple to John W. Faison, and said Faison, to secure the payment of certain notes representing the purchase-money for said land, conveyed the same land to Caldwell Hardy, as trustee; said notes are now the property of C. W. Grandy & Sons, and at their instance the said Hardy has advertised said land for sale under the provisions of said deed of trust.

The plaintiff, F. S. Faison, seeks by this action to set up an alleged parol trust in said land, by reason whereof he claims to be the equitable owner of the interest of said John W. Faison in the same, and to enjoin the sale by the trustee, and to have an account taken and stated of the amount now due and owing upon the same, alleging that many credits ought to be placed upon said notes, and that the amount claimed by said Grandy & Son to be due upon the same ought to be largely reduced by reason of said payments; and by reason of the further fact that much usury is also charged.

John W. Faison is dead, and his administrator and heirs are made parties defendant, as also are the said Grandy & Sons, and Hardy, trustee.

Many affidavits are filed on both sides, the complaint and the answer of Grandy and Hardy being also used as affidavits. No answer has been filed by the heirs or representatives of John W. Faison.

A restraining order was granted, and an order to show cause why the same should not be continued until the hearing. Upon the return of said order his Honor Judge Hoke adjudged that the plaintiff had established an apparent right to an interest in said lands and was entitled to an account as prayed for, and continued the restraining

order to the hearing, from which order an appeal was taken to this Court.

If the plaintiff has established a *prima facie* case which has not been rebutted by the defendants, he is entitled to an account; for a serious controversy has arisen as to the amount due upon the debt secured by the deed of trust. Clark's Code, p. 299.    The question is whether the plaintiff has made out such a case as to establish an apparent right to have a parol trust declared in his favor of the interest held by the deceased (John W. Faison) in said land, which was an equity of redemption—the right to pay the sum really due and to have a conveyance of the land to himself.

It is contended on the part of defendants Grandy & Sons that the burden of showing the parol trust is upon the plaintiff, and a mere preponderance of evidence is not sufficient for that purpose; it must be shown by clear, strong and convincing proof.    We concede this contention to its full extent, and adopt the language of this Court in *Hamilton* v. *Buchanan*, 112 N. C., 463 : "In order to establish a parol trust, in a case like the present, the proof must not only be strong and convincing (*McNair* v. *Pope*, 100 N. C., 404), but it must also disclose an agreement amounting to a trust existing at the time of the same."    But this is the rule to be observed upon the trial of the action and it does not apply to the intensity of proof to be offered in the prosecution of a remedy ancillary to the real object of the action.    A party seeking an interlocutory injunction is not required to establish his right with the same precision and certainty that is required upon a final hearing.    2 High on Injunction, sec. 1581.

Without going into an exhaustive examination of the pleadings and affidavits offered *pro* and *con* upon the question of the granting and the continuance of the restraining order, and leaving out of view for the present all alle-

FAISON *v.* HARDY.

gations of matters occurring since the date of the deed from the Loan and Trust Company to John W. Faison of the Round Pond and Urquhart tracts, and the deed of trust to Caldwell Hardy, we find in the affidavits offered by plaintiff positive averments of the agreement on the part of John W. Faison to hold said land for the benefit of the plaintiff and to convey to the plaintiff upon his paying off the encumbrances. And we find affidavits of facts in corroboration of this averment. On the other hand, the affidavits of the defendants Grandy and Hardy deny any such agreement, and they also offer other affidavits in corroboration. It is a serious question, left in doubt by the affidavits; the security is not depreciating in value; on the contrary, the Urquhart tract is being greatly improved, and no harm can result to the *cestuis que trust* by the postponement of the sale until these questions can be settled by a trial upon the merits. *Whitaker* v. *Hill*, 96 N. C., 2; *Caldwell* v. *Stirewalt*, 100 N. C., 201, and cases cited.

As the disputed question whether the plaintiff has any interest in the matter—in other words, whether there was a parol trust for his benefit—must first be determined by the trial of issues before the necessity for the taking of an account can be ascertained, we will not consider the effect of a failure on the part of the guardian *ad litem* of the minor heirs of John W. Faison to make any answer to the complaint, whether it is an admission which will bind the infants or not, but we direct attention to the remarks of BYNUM, J., in *Isler* v. *Murphy*, 71 N. C., 436, where notice had been served upon infant heirs and a guardian *ad litem* had been appointed, and had expressly refused to act; also to section 182 of *The Code*, requiring the guardian *ad litem* to file an answer. The restraining order was properly continued until the hearing. Affirmed.