Reed, P. J.,
delivered the opinion of the court.
This suit was brought by the appellant to restrain appellées from selling a tract of land in Logan county by execution on a judgment ‘obtained by Lamar against one W. E. Baker, appellant claiming tó be the owner of the land and that Baker'had rio interest in it whatever. -Thefacts as tes *84 tified. to by the plaintiff were that Baker was engaged in livery business in the city of Denver; that there was a chattel mortgage on his stock, etc., to one Williams, for $600; that Baker and family had boarded with appellant, and that on July 1, 1893, owed $600 for board, which he was unable to pay, and proposed to turn over the livery stock, subject to the Williams chattel mortgage, which was accepted, and a bill of sale made July 13,1893.
All the testimony shows that there was no change of possession of the livery stock. The testimony of appellant in regard to the transaction was “ that Baker continued in possession of the livery in question just the same as he had always done, until the same was turned over to Vance. I requested Mr. Baker to look after it, as I could not attend to it, until we could make some disposition of it. He found this ranch. I went down to look at the ranch near Sterling. I came back and told Mr. Baker to make the trade. In order that I might not sign the note to secure the six hundred dollar chattel mortgage, the property was conveyed to Mr. Baker. The property was conveyed to Mr. Baker in order that he might sign the note and trust deed, as I did not care to sign it. The warranty deed from Vance to Baker, and the trust deed securing the Williams mortgage, and the deed from W. E. Baker to me, were made at the same time and signed before the same notary. The two deeds, one from Vance to Baker and one from Baker to me, were placed in the same envelope and mailed to the recorder at the same time.” Cross-examination : “ I did not testify that I took possession under chattel mortgage; I do not remember my testimony in the county court, but I never had any chattel mortgage; Baker conveyed to me the books, but he still remained in possession of the stable. Mr. Baker remained in possession of the livery barn until I turned it over to Mr. Vance. Vance removed the stock to another part of the town. I think it was the day the deeds were executed.”
The livery stock was traded by Baker to one Vance for the land in question. Williams’s security upon the .stock *85 was released and put upon the land. On July 21st, Vance executed to Baker a warranty deed of the land. Baker executed a trust deed to Williams and a warranty deed to appellant. The two warranty deeds were mailed on the same date in the same envelope to the recorder of Logan county for record by Williams. On the 22d, the recorder wrote declining to record without payment of fees, the fees were remitted, the records made bearing indorsement of July 25th.
At the time of the conveyances Baker was indebted to appellee, Lamar, for feed furnished the stable, who brought suit by attachment, which was served upon Baker and levied upon the land in controversy on July 24th. On the 13th of September Lamar obtained judgment, an execution was issued and levied upon the land. On the 15th of November this suit was instituted to prevent the sale under the execution. A trial was had to the court, a decree dismissing the bill, and an appeal to this court.
The bill must be regarded as purely for injunctive relief to prevent the sale under the execution. The right to invoke the aid of a court of equity is alleged to be that the sale will create a cloud upon the title and work irreparable injury. Under certain circumstances and conditions, well defined, bills in equity can be maintained to remove a cloud from title, and an injunction will be granted to restrain acts that will result in easting a cloud.
The questions presented are such that they could not be tried and judicially determined on an application for injunction. The facts established are such as to cast a doubt upon the bona fides and honesty of the whole transaction. The livery was sold as alleged in payment of a board bill. There was no delivery. Baker remained in the possession and control as the ostensible owner, made the trade with Vance and delivered the possession to him, took the conveyance to the land, executed the trust deed to Williams, then conveyed his equity to appellant. These circumstances were such that, if not sufficient to establish fraud, were sufficient to cast grave doubts upon the honesty of the transaction. *86 Under such circumstances, the judge of the district court was warranted in refusing the injunction and dismissing the bill.
After sale upon execution, the court might, on proper showing, enjoin the making of the deed. Previous to the sale the granting of an injunction to prevent a cloud upon the title is said to be discretionary with the court. Goldstein v. Kelly, 51 Cal. 301; Drake v. Jones, 27 Mo. 428.
There is no question in regard to the right of a court to grant an injunction to restrain a sale by a sheriff under an execution where it would cast a cloud upon the title, where there is no question in regard to the legality of the title of the applicant; but where there are serious doubts in regard to the validity of the applicant’s title, the injunction should not be granted.
We do not find it necessary to examine and settle the questions argued by counsel in regard to the conveyance and proceedings by attachment as to which was entitled to precedence. No title had passed by operation of law under a sale by execution, and, until there was such, no question in regard to its validity could be determined, nor could the district court, nor can this court, on application for an injunction, try and determine the legal title to the property.
The decree of the district court will be affirmed.

Affirmed.