(December 30, 1916.)

BUENA VISTA GOLD MINES COMPANY, a Corporation, Respondent, v. BOISE BASIN IMPROVEMENT COMPANY, LIMITED, a Corporation; IDAHO PLACERS COMPANY, a Corporation; H. W. HUTTIC, J. C. McFARLAND and HERBERT A. PARKYN, as Directors and Trustees of the CENTERVILLE MINE AND MILLING COMPANY, a Corporation, and O. A. DUQUETTE, Appellants.

[162 Pac. 330.]

WATER RIGHTS—PLACER MINING—INJUNCTION PENDENTE LITE.

1. The purpose of an injunction *pendente lite*, in cases of this kind, is to preserve the property, or rights, in controversy and to prevent irreparable injury thereto, and the rule adopted by courts in granting such restraining orders is more liberal than is that applied at a trial upon the merits.

[As to what is irreparable injury within the meaning of the law of injunction, see note in 1 Am. St. 374.]

APPEAL from the District Court of the Third Judicial District for Boise County. Hon. James R. Bothwell, Presiding Judge.

Appeal from an order granting an injunction *pendente lite*. *Affirmed.*

Maurice M. Myers and Karl Paine, for Appellants.

E. J. Dockery, for Respondent.

Counsel cite no authorities on point decided.

MORGAN, J.—This is an appeal from an order *pendente lite* granted in a suit arising out of conflicting claims to the right to use, for placer mining purposes, the waters of Elk creek, the flow of which, at ordinary stages, is insufficient to satisfy the demands of all the parties. The accompanying map of the creek showing the location of ditches through which water has heretofore been diverted and by means of which some of the litigants propose to conduct it to their mines will aid in a ready and complete understanding of the controversy.

Respondent owns the Donahue ditch and claims the right to divert through it for use on the Donahue placer ground fifteen cubic feet of water per second of time by virtue of an application made to the state engineer on June 12, 1915, and a permit issued pursuant thereto on September 4th of that year; also three cubic feet per second under a like application made June 2, 1916.

The Centerville Mine & Milling Company owns the Channel ditch and claims the right to divert ten cubic feet of water per second by virtue of appropriation made in 1863 or 1864.

The Boise Basin Improvement Company, Limited, owns the Mann, Alderson and Dunn ditches. It claims a right to the use of ten cubic feet of water per second based upon appropriation made by means of the Dunn ditch in 1864, also the right to 45 cubic feet per second diverted through the Mann ditch, the right to five cubic feet of which dates back to an appropriation made in 1864, and the remainder is claimed by virtue of two permits issued by the state engineer, one for 25 cubic feet and the other for 15 cubic feet, having dates of priority of May 16, 1910, and July 16, 1912, respectively.

Opinion of the Court—Morgan, J.

The Idaho Placers Company owns no water right, but has leased the Alderson ditch and claims the right to divert through it and to use 20 cubic feet per second of the waters of Elk creek in its mining operations under lease from the Centerville Mine & Milling Company and the Boise Basin Improvement Company, Limited, of the Channel ditch and Dunn ditch water rights, which leases are subsequent in point of time to the application by respondent made on June 12th, and the permit issued on September 4, 1915.

Appellant Duquette is the owner of farm lands subject to irrigation through the Mann ditch, and his right to use water for agricultural purposes is recognized and acknowledged by all the other litigants. He was made a party to the action for the purpose of determining the extent of his right.

Among the controverted questions of law and fact presented in this case are the following: It is a contention of appellant Idaho Placers Company that it has a right, under its lease, to so change the points of diversion of the waters of the Channel and Dunn ditches as to apply them to its mining operations through the Alderson ditch, and that the appropriations of water made by its grantors, having been prior in time, are superior in right, to the claims of respondent. It is insisted by respondent that a water right cannot be leased and that by attempting such a conveyance it is forfeited and the water of the stream becomes again subject to appropriation. Further, that the point of diversion cannot be so changed and shifted up or down a stream as to injuriously affect the rights of appropriators prior in time to the attempted diversion. Another contention is that the water right of the Dunn ditch has been forfeited by the failure of its owners to put it to a beneficial use during more than five years prior to the appropriation by respondent.

It is also contended by respondent that the ground of the Boise Basin Improvement Company, Limited, is very difficult to work, and requires a large volume of water for its successful operation; that it cannot make, and never has made, any beneficial use of the waters of Elk creek when the stage of water flow in the stream passing the diversion point of the

Mann ditch falls below 18 cubic feet per second, and respondent claims the right, under its appropriation, to that amount of water as being superior to that of said appellant.

It appears from the complaint that respondent commenced the use of water in its placer mining operations on or about April 10, 1916, and continued to so use it until about May 26th, next thereafter, when appellant, the Idaho Placers Company, diverted practically the entire stream into the Alderson ditch.

Upon filing the complaint in the district court one of the judges thereof issued an order directing that appellants appear and show cause why an injunction, as prayed for, should not be issued. Affidavits on behalf of both parties litigant were filed and the trial judge, having considered the same on June 9, 1916, made and entered an order *pendente lite,* to become effective upon respondent giving a bond in the sum of $3,000, conditioned that it would pay all damages, including costs and attorney's fees, resulting by reason of its diversion of the water, commanding that appellant Idaho Placers Company desist and refrain from diverting the waters of Elk creek into the Alderson ditch under its claim of right of lease from the Centerville Mine & Milling Company and the Boise Basin Improvement Company, Limited, until respondent had exhausted its right to divert 900 miner's inches (18 cubic feet per second) of the waters thereof through the Donahue ditch, to be applied to its mining operations upon the Donahue placer ground, and that appellant Boise Basin Improvement Company, Limited, desist and refrain from diverting the waters of Elk creek through the Mann ditch after they reach the low-water stage of 150 inches at its point of diversion.

This appeal is from the order of injunction.

This case presents controverted questions of fact and difficult points of law of far-reaching importance to the people of Idaho with respect to their claim to the right to appropriate, and convey by lease, the use of the public waters of the state. While counsel for the respective parties have fully and ably presented the case upon its merits, we find it is not

the duty, even if it can be said to be within the province, of this court to determine these matters upon appeal from such an order as is here under consideration. The real question to be determined at this time is: Did the trial court err in making the order appealed from?

This court said in the first section of the syllabus in the case of *Boise Development Co. v. Idaho Trust etc. Bank*, 24 Ida. 36, 133 Pac. 916: "The general rule adopted by courts in granting an injunction *pendente lite* is more liberal than is applied upon the trial of the cause upon its merits."

It is said in *Gagnon v. French Lick Springs Hotel Co.*, 163 Ind. 687, 72 N. E. 849, 68 L. R. A. 175: "Upon an appeal from an interlocutory order granting or refusing to modify an injunction, it is not necessary that such a case should be made out as would entitle the plaintiff to relief at the final hearing. It is sufficient if the court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity." (See, also, vol. 1, High on Injunctions 4th ed., sec. 5, and vol. 2, sec. 1581; *Spicer v. Hoop*, 51 Ind. 365; *Buskirk v. King*, 72 Fed. 22, 18 C. C. A. 418; *Faison v. Hardy*, 114 N. C. 58, 19 S. E. 91; *Northern Pacific R. Co. v. City of Spokane*, 52 Fed. 428; *Leake v. Smith*, 76 Ga. 524.)

In this case it appears from the whole showing made that the operations of appellants Idaho Placers Company and Boise Basin Improvement Company, Limited, were causing, and were likely to cause, great and irreparable injury to respondent, and that it is a proper case for the issuance of an injunction to restrain these operations until such time as the case may be heard upon its merits and the respective rights of the parties litigant determined.

The order appealed from is therefore affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.