(January 3, 1925.)

## THE WASHINGTON WATER POWER COMPANY, a Corporation, Respondent, v. EDWIN S. CRANE and CLARA CRANE, His Wife, Appellants.

[233 Pac. 878.]

INJUNCTION PENDENTE LITE—SUFFICIENT SHOWING TO JUSTIFY GRANTING OF—DISCRETION OF COURT—RESULTING TRUST—CONFLICTING TITLE TO REAL PROPERTY—WATER AND WATER RIGHTS.

1. In a proceeding to obtain an injunction *pendente lite* questions of title to real estate will not be passed upon, and rights will be protected *pendente lite*, even though the title is in issue.

2. In order to entitle a party to an injunction *pendente lite* it is not necessary that such a showing be made as would entitle him to the relief prayed for upon a final hearing. It is sufficient if the court finds from such showing a state of facts that makes the transaction a proper subject of investigation by a court of equity, justifying the protection of property during the pendency of the action.

3. Where the showing made is sufficient to warrant the granting of injunctive relief prayed for, the granting thereof rests in the sound discretion of the trial court and will not be disturbed unless abused.

4. *Held*, that the showing made in this case is sufficient to warrant the granting of the injunctive relief prayed for and that there was no abuse of discretion.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Herman H. Taylor, Judge.

From order granting injunction *pendente lite* defendants appeal. *Affirmed.*

Potts & Wernette and James F. Ailshie, for Appellants.

This case was heard in the trial court wholly upon the pleadings, affidavits and documentary evidence, and no witness appeared and testified before the court. It will, therefore, become the duty of this court to examine and consider the record, pass upon the weight and credibility of the evidence, and decide upon the credence to be given to conflicting evidence, and to weigh the evidence in all respects the same as if the case were originally and in the first instance being presented to this court. (*Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216; *McKenzie v. Miller,* 35 Ida. 354, 206 Pac. 505; *In re Rexburg Investment Co.,* 36 Ida. 552, 211 Pac. 552; *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 607, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.)

John P. Gray and Post, Russell & Higgins, for Respondent.

Upon an appeal from an interlocutory order granting or refusing to modify an injunction it is not necessary that such a case should be made out as would entitle the plaintiff to relief at the final hearing. It is sufficient if the court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity. (*Buena Vista Co. v. Boise Basin Co.,* 29 Ida. 789, 162 Pac. 330; *Boise Development Co. v. Idaho Trust etc. Bank,* 24 Ida. 36, 133 Pac. 916.)

The court does not undertake by injunction to settle a right but merely to preserve the property until the right is settled at law. It is not necessary that it should clearly ap-

pear that complainant will ultimately succeed, it being sufficient if he makes out a *prima facie* right. Where a proper case is made for the allowance of such an injunction it is an abuse of discretion to refuse it. (*New Jersey Zinc Co. v. Trotter*, 38 N. J. Eq. 3; *Bullard v. Kempff*, 119 Cal. 9, 50 Pac. 780; *West Virginia Development Co. v. Preston County Development Co.*, 76 W. Va. 492, 85 S. E. 668; *Hunt v. Steese*, 75 Cal. 620, 17 Pac. 920; *Hagerman Irr. Co. v. McMurry*, 16 N. M. 172, 113 Pac. 823.)

BUDGE, J.—This action involves the granting of an injunction *pendente lite*. The complaint alleges the corporate existence of respondent and sets forth at length facts relating to its acquisition of certain lands and water rights in and around Post Falls in 1902 and 1903. It is further alleged that in 1905 and 1906 respondent continued the development of water power theretofore commenced by its predecessor, and constructed dams and other improvements and since said time has been developing electrical energy for the lighting of cities and towns and other beneficial uses; that respondent is a public service corporation, subject to and regulated by the Public Utilities Commission of the state of Idaho and by the Department of Public Works of the state of Washington, as to rates and service; that in 1902 respondent acquired a perpetual right to flow water through what is known as the Corbin Ditch and since said time has been in the open, notorious and exclusive possession thereof and has been using the same for the purpose of flowing water therein.

It is then alleged that appellant, Edwin S. Crane, for many years prior to April 1, 1923, has been in the regular and continuous employ of respondent in a confidential capacity; that he had lived for many years in Kootenai county, had a large acquaintance there and was quite familiar with the early history of that country; that it was his duty to adjust claims for damages asserted against respondent, to negotiate for the purchase of lands and easements essential to the welfare of respondent's business, to keep respondent

informed as to any claims which might be asserted against it and as to lands, easements and other property which respondent should acquire in order to avoid harassment or annoyance in connection therewith, and to look out for the best interests of respondent and keep it advised as to such matters; that said appellant knew that respondent believed that it had acquired and owned all property in and around Post Falls necessary for carrying on its business and that no property was owned by anyone than itself that could cause it any inconvenience or embarrassment or hinder its operations; that on or about December 10, 1922, respondent's attorney wrote a letter to appellant, Edwin S. Crane, informing him that his services were to be continued under the arrangement at that time, until April 1, 1923, and that if his services were required after that time, special arrangements would be made therefor; that since April 1, 1923, appellant Edwin S. Crane has not been called upon by respondent to perform any specific service; that prior to April 1, 1923, appellant Edwin S. Crane, learned that a piece of property owned by one, Alice L. Martin, consisting of approximately four acres, might be so used as to inconvenience and embarrass respondent in its operations but that he deliberately and intentionally failed and neglected to advise respondent thereof; that some time after April 1, 1923, appellant, without notifying respondent or giving it an opportunity to purchase such property, negotiated with Alice L. Martin for the tract of land hereinbefore mentioned and on October 30, 1923, the latter and her husband executed and delivered to appellant a deed to such property, the consideration therefor not appearing upon the face of the deed, but inasmuch as a fifty-cent revenue stamp was attached thereto and canceled, respondent assumes the consideration to be $500. It is also alleged that while the deed recites that the westerly boundary of such land is the shore line of the Spokane River, such boundary is actually east of the shore line; that this land is of rocky formation and has no value for agricultural or any other purpose except as it may be used to annoy, harass and injure respondent.

For the convenience of the reader it might be here mentioned that respondent makes frequent reference to a map attached to and made a part of the complaint. In order to avoid making such map a part of this opinion, and for further clearness, it may be stated that the Corbin Ditch, hereinbefore mentioned, flows in a northerly direction across the easterly portion of the land in dispute (i. e., the tract formerly owned by Alice L. Martin, which appellant now claims to own). Before reaching this land a cross-canal is taken out of the Corbin Ditch, which cross-canal runs in a westerly direction parallel to the southern boundary line of the land in dispute and empties into the Spokane River. The flow of water in this cross-canal is controlled by means of a dam and gate placed therein. The Corbin Ditch is used to convey water to several thousand acres of agricultural land for irrigation purposes, such water being taken out of the Spokane River a short distance southeasterly and above the land in controversy. The ditch which appellant has started to construct on his land, to which reference will be hereinafter made, will, if completed, run parallel to the cross-canal and tap the Corbin Ditch a few yards below the point where the cross-canal is taken out, and will permit the waters flowing in the Corbin Ditch and the water conserved in respondent's dams, to escape through appellant's ditch into the Spokane River.

The complaint alleges that for a few days prior to the filing thereof, appellants have been engaged in digging a ditch or canal from the Spokane River to tap the Corbin Ditch, the same running parallel and adjacent to the cross-canal. The manner of conserving the waters of the Spokane River by respondent for the generation of electrical energy, by means of dams and closing gates is next alleged, also that it has been respondent's custom to close the gates and dams when the waters of Lake Coeur d'Alene have receded to an elevation of 2,126½ feet above mean sea level, which is usually about July 4th of each year; that respondent cannot close the Corbin Ditch for the reason that the same is used to carry water for irrigation purposes but may regulate the

flow thereof by means of the gate on appellant's alleged premises and in the past has been able to prevent thereby the flowing of water into the Spokane River; that a promontory of rock immediately north of the cross-canal prevented water above the level of the cross-canal from flowing into the Spokane River; that appellants have dug the ditch hereinbefore mentioned down to an elevation of approximately 2,122 feet above mean sea level, so that upon closing the gates of respondent's dams a very large quantity of water will flow westerly over the land in dispute and into the Spokane River, materially preventing the conservation of water, reducing the level of water in respondent's dams approximately four and one half feet and thereby seriously interfering with the generation of electrical energy; that it was only a few days prior to the filing of the complaint that respondent ascertained that appellant, Edwin S. Crane, knew of the ownership of the land in dispute prior to April 1, 1923, and that the tract did not belong to respondent but was owned by someone else and that respondent required this property to protect its other property; that respondent is informed and believes that appellants have been doing the work mentioned solely for the purpose of harassing and annoying respondent in the hopes of being able to sell the property in dispute to respondent at an exorbitant price.

Respondent further alleges a contract entered into by it on October 12, 1904, with the Spokane Valley Land & Water Company, whereby the former was required to allow certain fixed amounts of water to be permitted to flow down the Corbin Ditch for irrigation purposes; that such water is regulated by the gate in the Corbin Ditch situate on appellant's alleged premises; that this gate was built in 1906 and has been continuously operated by respondent; that under its contract with the Spokane Valley Land & Water Company aforesaid, respondent was required to open the gates and furnish water to certain orchard owners for spraying purposes and that appellants were cognizant thereof and threatened to do physical violence to any person or persons who might attempt to open said gate. Respondent alleges

that it is the owner of the canal, the water, the gate and the dam, both by deed and prescription, and that the opening of the gate for the benefit of the owners of several thousand acres of agricultural land will do no harm to appellants. It is also alleged that respondent is willing to do in all things what the court may find just and equitable; that it has no plain, speedy or adequate remedy at law; that the acts done and contemplated acts on the part of appellants will, if continued, cause respondent irreparable damage, and that appellants are insolvent.

Respondent prays (1) that appellants be adjudged trustees of the title to the premises in dispute for the use and benefit of respondent, and that they be required to convey the property to it and that it be adjudged the owner thereof; (2) for a decree perpetually enjoining appellants, "and each of them, and their and each of their servants, agents, employees and all others, from digging, constructing, maintaining or operating any ditch or canal or other thing over or upon said tract of land, or any part thereof, or from making any excavation or disturbance of the surface of the earth thereof whatsoever, and that they be commanded and directed to fill up the ditch so far as the same has been constructed by these defendants and replace and put the same and the surface of the earth as near as possible in the same condition it was in before their said depredations, and that in default thereof that the plaintiff shall have the right, power and authority to go upon said land and do the things aforesaid and recover a judgment against the defendants for the cost and expense thereof"; (3) "that the defendants and each of them, and each of their servants, agents and employees be perpetually enjoined from interfering in any manner with said flume and said gate and all appliances thereon and from interfering in any manner with the operation thereof by this plaintiff through its servants and employees"; and (4) that a restraining order be issued without notice to the effect as hereinbefore set forth, and for an injunction *pendente lite* to the same effect. The complaint was filed on March 28, 1924, together with certain

affidavits corroborative thereof which also alleged additional grounds for the granting of injunctive relief, upon which on that day the court issued a temporary restraining order in accordance with the prayer of the complaint, providing therein that the same should become effective upon the filing of a good and sufficient bond in the sum of $1,000. At the same time the court issued an order to show cause why an injunction *pendente lite* should not be issued, returnable on April 8, 1924. Upon the return day appellants appeared and moved to dissolve the injunction. At this time the court was engaged in the trial of a jury case and the hearing upon the order to show cause and the motion to dissolve was continued from time to time until April 14, 1924. On April 12, 1924, affidavits were filed by appellants showing cause why the injunction *pendente lite* should not issue, in which affidavits the material allegations of the complaint were denied. Denial was also made of matters set out in respondent's affidavits which were filed with the complaint and title to the land in dispute was asserted by appellants. On April 14, 1924, the court called up the motion to dissolve and hearing on the order to show cause, whereupon respondent moved that the hearing be continued until April 16, 1924, so that it might prepare and file counter-affidavits, which motion the court granted over the objection of appellants. On April 15, 1924, counter-affidavits were filed by respondent, denying the material matters alleged in appellants' affidavits and set out additional matters, to which on April 16, 1924, affidavits in reply to the counter-affidavits were filed by appellants denying the additional matters set out in the counter-affidavits. Hearing was thereupon had before the court on April 16, 1924, on which day the court made its order granting the injunction *pendente lite,* from which order this appeal is taken.

Appellants specify and rely upon five assignments of error. The first and second involve the same questions of law and fact, namely, that the court erred in granting an injunction *pendente lite,* for the following reasons: (1) That the showing made by respondent was insufficient to establish its con-

tention that appellants are trustees *ex maleficio* with reference to the land in question and hold title thereto in trust for respondent; (2) that the showing is insufficient to support respondent's contention that it has title to part of the land in question by reason of adverse possession, especially that portion consisting of the Corbin Ditch running from south to north across the land in controversy; and (3) that respondent has failed to sustain its contention that it entered into a contract with the Spokane Valley Land & Water Company to furnish certain quantities of water to be used for irrigation purposes which it had for a number of years delivered to the Spokane Valley Land & Water Company for the use of land owners under said system.

Discussing the questions raised in the order above stated, appellants take the position that they are the owners of the land in controversy by purchase from the holders of the record title, Alice L. Martin and husband; that appellant Edwin S. Crane severed his connection with respondent on April 1, 1923, at which time and until September, 1923, he had no knowledge of the fact that respondent was not the owner in fee of the premises in controversy; that he was not connected with the respondent company in any other capacity than an ordinary employee, subject to orders given to him by his superiors. It is further stated in appellants' affidavits that certain officers of the company and certain former employees had knowledge for many years of the fact that respondent company was not the owner of the premises in controversy and had no right to the use thereof and was not the owner or entitled to the right or possession or use of the Corbin Ditch flowing through such land; that appellant Edwin S. Crane acted in absolute good faith in the purchase of the premises for the purpose of constructing thereon a power plant to generate electrical energy and for other purposes. We therefore have, in so far as this particular question is concerned, the question of a disputed title, appellants claiming title by purchase of the premises and respondent asserting title by reason of a resulting trust and adverse possession. In other words, respondent contends

that appellant Edwin S. Crane purchased the property from
Alice L. Martin and her husband due to the confidential re-
lationship that had theretofore existed between him and re-
spondent, the same being purchased in trust for the use and
benefit of respondent and the title being held by appellants
as trustees for it.   It would seem to be the common practice
for courts to issue injunctions upon a proper showing where
the title is in dispute, the jurisdiction of the court in such
cases being asserted for the preservation of the property
pending proceedings at law for the determination of the
title of the parties.   (*LeRoy v. Wright,* 4 Saw. 530, Fed. Cas.
No. 8273.)   The mere existence of a doubt as to title does
not of itself constitute a sufficient ground for refusing an
injunction.   (*Hess v. Winder,* 34 Cal. 270; *Merced Mining
Co. v. Fremont,* 7 Cal. 317, 68 Am. Dec. 262.)   Questions of
title to real estate will not be passed upon, although rights
will be protected *pendente lite,* even though the title is doubt-
ful.   (32 C. J. 365, sec. 610.)   As was said by this court in
the case of *Buena Vista Co. v. Boise Basin Co., Ltd.,* 29 Ida.
789, 794, 162 Pac. 330, 332 (quoting from the case of *Gagnon
v. French Lick Springs Hotel Co.,* 163 Ind. 687, 72 N. E.
849, 68 L. R. A. 175) :

"Upon an appeal from an interlocutory order granting or
refusing to modify an injunction, it is not necessary that
such a case should be made out as would entitle the plaintiff
to relief at the final hearing.   It is sufficient if the court
finds upon the pleadings and evidence such a state of facts
as makes the transaction a proper subject for investigation in
a court of equity.   (See, also, vol. 1, High on Injunctions,
4th ed., sec. 5, and vol. 2, sec. 1581; *Spicer v. Hoop,* 51 Ind.
365; *Buskirk v. King,* 72 Fed. 22, 18 C. C. A. 418; *Faison v.
Hardy,* 114 N. C. 58, 19 S. E. 91; *Northern Pacific R. Co. v.
City of Spokane,* 52 Fed. 428; *Leake v. Smith,* 76 Ga. 524.) "

We are not prepared to say, in discussing this feature of
the instant case, that the showing is insufficient from all the
pleadings, that it fails to disclose such a state of facts as
would constitute a proper subject for investigation in a court
of equity.   The court does not undertake by injunction to
settle a right but to preserve the property until the right is

settled at law.    (*Hagerman Irr. Co. v. McMurry*, 16 N. M. 172, 113 Pac. 823; *Bullard v. Kempff*, 119 Cal. 9, 50 Pac. 780; *Hunt v. Steese*, 75 Cal. 620, 17 Pac. 920.)

We come now to the second question, namely, that of adverse possession as to that portion of the premises through which the Corbin Ditch runs, used for the purpose of carrying water to be delivered to the Spokane Valley Land & Water Company.    We think that it will be conceded from the record that respondent, for upward of twenty years, has used the Corbin Ditch for the purpose of carrying water and delivering the same to land owners under the ditch in Idaho and Washington and for the further purpose of regulating the flow and conserving the waters in Coeur d'Alene Lake and Spokane River without objections on the part of appellants or their predecessors and has exercised the right to so use said ditch as fully as though it were the title owner thereof.    It further appears from the record, which is undisputed, that neither appellants nor their predecessors have any right, title or interest in the right to the use of the waters of Coeur d'Alene Lake or Spokane River flowing through said Corbin Ditch.    Respondent asserts title to the ditch not only by prescription but alleges that it is the owner by deed.    It is true, in its complaint, it fails to allege that it has paid the taxes upon the particular premises alleged to be owned by appellants through and over which this ditch is constructed.    Whether upon the trial it may be in a position to establish its ownership in the canal by deed as well as whether it will be in a position to establish the fact that appellant holds the property in trust for it, which may obviate the necessity of establishing its title by adverse possession or deed, we are not prepared to say.    Neither do we think the question here.    The rule hereinbefore announced with reference to a disputed title is equally applicable in determining this question.

We come now to the third contention, which involves the right of respondent to furnish water under any circumstances to users in the state of Washington.    This contention is based upon the theory that no appropriation can be made

of the public waters of this state to be diverted and delivered for any use beyond the boundaries of the state. The case of *Walbridge v. Robinson,* 22 Ida. 236, 125 Pac. 812, 43 L. R. A., N. S., 240, relied on by appellants is not in point. That case is based upon an appropriation made of the waters of an intrastate stream. We think we are within our rights in taking judicial notice of the fact that the Spokane River is an interstate stream. We are not called upon in a proceeding of this character to determine the question whether or not waters may be appropriated upon an interstate stream under the facts such as appear in the record in this case. Since appellants and their predecessors have no right, title or interest in the right to the use of the waters conveyed through the Corbin Ditch and delivered to users both in Idaho and Washington, we question, without deciding, their right to raise that question upon an application to dissolve an injunction *pendente lite.*

Considering the serious question here involved, we are forced to take into consideration all of the facts disclosed by the complaint and the various affidavits, including the map made a part of the complaint, and when the case is shorn of all inconsequential matters we are confronted squarely with this situation: Appellant Edwin S. Crane purchased the premises involved; he claims to have made certain filings upon the waters of Fernan and Rose Lakes, situated a great distance from the land in question. His apparent plan would seem to be to acquire the right to the use of the unappropriated waters of these lakes and impound or otherwise provide means for conveying these waters into the Coeur d'Alene Lake and then on down the Spokane River and thence through the Corbin Ditch or an independent canal to the ditch he has commenced to construct and thence through that ditch to a power plant on the bank of the Spokane River. From the map in evidence and from the pleadings on the part of respondent, it is apparent that the westerly boundary of the land in dispute is easterly of the east bank of the Spokane River, so that there is a strip of land between the river and the land in dispute, which is

40 Idaho—21

owned by respondent and which would prevent appellants from constructing a power-house or emptying water into the Spokane River without acquiring the land of respondent abutting thereon. It is further apparent that should the injunction be dissolved prior to a final trial and appellant be permitted to construct his ditch and tap the Corbin Ditch, a tremendous amount, if not all of the waters flowing in the Corbin Ditch and conserved in the dams owned by respondent would be wantonly wasted by returning the same to the Spokane River below the dams of respondent. Then again, it would seriously impair the rights of respondent to conserve the waters of Coeur d'Alene Lake and Spokane River for the purpose of generating electrical energy and seriously injure it in that it would prevent it from fulfilling contracts for electrical power and supplying water for irrigation purposes. There are other cogent reasons that might be given to justify the refusal of the court to dissolve the injunction *pendente lite,* but we have advisedly refrained from setting them forth, for the reason that we do not wish to lay down any rule or announce any principle that may be prejudicial to the rights of either of the parties upon the final trial.

Summing up the contentions upon which appellant relies, the general rule would seem to be more liberal in this jurisdiction as to the showing sufficient to warrant the granting of an injunction *pendente lite* than is required upon the trial of the case upon its merits. The granting, modifying or dissolving of an injunction *pendente lite* rests in the sound discretion of the trial court and will not be disturbed except upon an abuse of such discretion. (*Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Washington etc. Co. v. Coeur d'Alene Co.,* 2 Ida. 439, 17 Pac. 142; *Harriman v. Woodall,* 31 Ida. 750, 176 Pac. 565.) We conclude that there was no abuse of discretion in the instant case. We are, however, of the opinion that in one respect the injunctive order made should be modified and that is, wherein the court directed appellant to fill in the ditch theretofore partially constructed and in providing that respondents may do so at the expense of appellants, the necessity for such order not appearing. We do

not mean to be understood as holding that should the necessity arise respondent may not protect itself from loss of water by reason of the part construction of the canal by appellants, and it would be answerable under its bond for damages if any were sustained.

We have carefully considered other errors assigned but since, as stated in appellant's brief, "This case was heard in the trial court wholly upon the pleadings, affidavits and documentary evidence, and no witness appeared and testified before the court. It will, therefore become the duty of this court to examine and consider the record, pass upon the weight and credibility of the evidence, and decide upon the credence to be given to conflicting evidence, and to weigh the evidence in all respects the same as if the case were originally and in the first instance being presented to this court," we find no reason that would justify a departure from the conclusions already reached or that would warrant a reversal of the order appealed from.

The cause is therefore remanded to the trial court, with instructions to modify the order as herein indicated and when such modification is made the order appealed from will be affirmed. Each party to pay its own costs.

McCarthy, C. J., William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.