(May 16, 1901.)

## STAPLES v. ROSSI.

[65 Pac. 67.]

CONSTITUTIONAL LAW—ACTIONS AT LAW AND IN EQUITY—By section 1, article 5, of the constitution of Idaho, the distinction between actions at law and equitable actions has been largely, if not wholly, abrogated.

INJUNCTION—STATUTORY REMEDY.—Under section 4288 of the Revised Statutes, a temporary injunction is authorized to restrain a trespasser from removing timber which he has cut upon land claimed by the plaintiff, pending suit to establish plaintiff's title.

SAME.—The ancient rules of chancery relating to the remedy of injunction have been greatly modified by statutes, as well as by the trend of modern decisions.

SAME.—Injunction will issue to restrain, temporarily, an act which will result in great damage to the plaintiff, although the injury is not irreparable, and notwithstanding that other remedies lie in behalf of plaintiff.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Fremont Wood and W. E. Borah, for Appellants.

The controversy relates only to certain timber which has been, and was prior to the granting of the injunction, severed from the realty. The defendants had cut certain trees from

and banked them upon disputed mining claims, and they are now enjoined from removing the same and utilizing them, although, as we urge, the record discloses that the defendants were wholly solvent and further discloses that an action of replevin would also have afforded full and adequate relief. (*Heaney v. B. & M. Co.,* 10 Mont. 590, 27 Pac. 379; *Bridges v. Sargent,* 1 Kan. App. 442, 40 Pac. 823.) An injunction will not be allowed against the removal of timber already cut on the premises, since it has ceased to be a part of the realty, but is personal property for which trover will lie. (1 High on Injunctions, sec. 673.) To authorize the issuance of the writ of injunction by a court of chancery, the injury threatened must be of such a peculiar nature that compensation in money cannot atone for it. (*Carney v. Hadley,* 32 Fla. 344, 37 Am. St. Rep. 101, 14 South. 4; *Watson v. Hunter,* 5 Johns. 169, 9 Am. Dec. 295; 1 High on Injunctions, 521.) The plaintiff has a perfect remedy in an action at law to recover the value of these logs if the defendant had no right to cut them. (*Van Wyck v. Alliger,* 6 Barb. 507-514, 10 Am. & Eng. Ency. of Law, 821; *Minnesota Co. v. Maginnis,* 32 Minn. 193, 20 N. W. 85; *Aveline v. Ridenbaugh,* 2 Idaho, 168, 9 Pac. 601.) The mere allegation that irreparable injury will result to the complainant unless protection is extended to him is not sufficient. The facts must be stated, that the court may see that the apprehensions of irreparable mischief are well founded. (*Mechanics' Foundry v. Ryall,* 75 Cal. 601, 17 Pac. 703; *Branch v. Yuba County,* 13 Cal. 190; *Wells-Fargo Co. v. Dayton,* 11 Nev. 169; *Gardner v. Stroever,* 81 Cal. 150, 22 Pac. 483; *Robison v. Russell,* 24 Cal. 467; *Schoonover v. Bright,* 24 W. Va. 698, 49 Am. Rep. 257; *Watson v. Ferrell,* 34 W. Va. 406, 12 S. E. 724.)

S. L. Tipton and Milton Cage, for Respondents.

It is the common practice in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extraction of ore from the mine or cutting of the timber or the removal of coal, to issue an injunction, though the title to the premises be in

litigation. (*Erhart v. Baoro,* 113 U. S. 537, 5 Sup. Ct. Rep.
565; 2 Lindley on Mines, sec. 872, and cases cited; *Henshaw
v. Clark,* 14 Cal. 461.) Not necessary to allege in the com-
plaint the injury is irreparable. (*Merced Min. Co. v. Fre-
mont,* 7 Cal. 323, 68 Am. Dec. 262; *Moore v. Messani,* 32 Cal.
594; *Moore v. Ferrell,* 7 Morr. Min. Rep. 281; *Moore v. Mes-
sani,* 32 Cal. 590; *Hicks v. Michael,* 15 Cal. 116; *Leach v.
Day,* 27 Cal. 646; *Kellogg v. King,* 114 Cal. 386, 55 Am. St. Rep.
74, 46 Pac. 166; *United States v. Guglard,* 79 Fed. 23.)
A prevention of vexatious litigation of the multiplicity of suits
constitutes a favorite ground for the exercise of the jurisdiction
of equity by way of injunction. (1 High on Injunctions, secs. 8,
12; *Warren Mills v. New Orleans Seed Co.,* 65 Miss. 391, 7 Am.
St. Rep. 671, 4 South. 298.) The granting of a prelimi-
nary injunction resting in the sound discretion of the court,
the appellate court will not disturb the same when there
is no abuse of discretion. (*Washington etc. Co. v. Coeur
d'Alene Ry. & Nav. Co.,* 2 Idaho, 439, 17 Pac. 142, and
cases cited.) The first assignment of error is not tenable under
the modern equity practice, for the reason that it presumes
that an injunction will never be granted where the plain-
tiff has a remedy at law for injuries done. (*United States
v. Parrott,* 7 Morr. Min. Rep. 335; *Watson v. Sutherland,* 5
Wall. 74; *Irwin v. Lewis,* 50 Miss. 368; *United States v.
Parrott,* 7 Morr. Min. Rep. 335; 1 High on Injunctions,
sec. 30; *Boyce v. Grundy,* 3 Pet. 210; *Aveline v. Riden-
baugh,* 2 Idaho, 168, 9 Pac. 601.) An injunction will be al-
lowed against the removal of timber already cut on the prem-
ises. (*Davis v. Reed,* 14 Md. 152; *Fulton v. Harmon,* 44 Md.
253; *Shipley v. Ritter,* 7 Md. 408, 61 Am. Dec. 371; *Smith
v. Rock,* 59 Vt. 232, 9 Atl. 551; *De La Croix v. Villere,* 11
La. Ann. 39; *Lanier v. Alison,* 31 Fed. 100; *United States
v. Guglard,* 79 Fed. 23; *Smith v. Flick,* 69 Pa. St. 474; *King
v. Campbell,* 85 Fed. 814; *Disbrow v. Westchester Hardwood
Co.,* 17 App. Div. 610, 45 N. Y. Supp. 378; *King v. Stuart,*
84 Fed. 546.) Section 4288 of the Revised Statutes of Idaho,
subdivision No. 2, reads as follows: "When it appears by the
complaint or affidavit that the commission or continuance

of some act during the litigation would produce waste, great or irreparable injury to the plaintiff an injunction will be granted." (*Gilpin v. Sierra Nevada Con. Min. Co.,* 2 Idaho, 696, 23 Pac. 547, 23 Pac. 1014.) The court cannot give its sanction to the contention of the defendant that, though he may be a trespasser upon another's land and though warned of another's claim or title, he may sever therefrom all of the valuable and merchantable timber, yet, if he succeeds in doing this before an injunction order is served upon him he must be permitted to carry away and dispose of the fruits of his wrongdoing. The temporary injunction heretofore awarded will be continued in force until the further order of the court, and the defendants be inhibited from removing or disposing of any of the timber cut upon said land, or remove therefrom which is still within the jurisdiction of this court. (*King v. Campbell,* 85 Fed. 814.) When the real issue is as to who owns the title to the real property from which property is severed replevin will not lie. (*Martin v. Thompson,* 62 Cal. 619, 45 Am. Rep. 663; *Emerson v. Whitaker,* 1 Idaho, 361, 23 Pac. 285; *Hallick v. Mixer,* 16 Cal. 574; *McAllister v. Fowler,* 32 Mo. App. 91; 20 Am. & Eng. Ency. of Law, 1047.)

QUARLES, C. J.—This is an appeal from an order granting the plaintiffs a temporary injunction restraining the defendants from removing from the Golden Group placer mining claim logs cut by the defendants from trees growing thereon, which logs are now banked upon the Middle Boise river, upon said mining claim. It is contended by the appellants that the order granting said injunction was unauthorized, for the reason that the appellants are solvent, and that a plain and adequate remedy exists in behalf of the respondents, either by action of replevin, or by action to recover damages for said timber, in the event of plaintiffs establishing title to said mining claim. It is contended by said appellants that the remedy of injunction is purely equitable, and should not be invoked or exercised in this case. Appellants cite many authorities showing the old equitable doctrine and rules of chancery relating to injunctions. The principal authority relied upon by the appellants is the case of *Heaney v. Commer-*

*cial Co.,* 10 Mont. 590, 27 Pac. 379. A careful reading of the decision in that case shows that the Montana court followed the ancient equitable rules relating to injunctions. The opinion nowhere refers to any statute of Montana providing the remedy of injunction. That being true, we are inclined to think that the decision cited has no application to the case at bar; for the case here is governed, to a large extent at least, by the provisions of section 4288 of the Revised Statutes of Idaho. This statute provides a legal remedy for the preservation of certain rights coming within the cases set forth in the statute. In our opinion, the authorities cited by the appellants should not control the decision in this case, for the following reasons: The distinctions between actions at law and equitable actions have been abrogated, to a large extent, in America. This is notably so in the newer states, and especially in this state. In fact, the framers of our constitution evidently intended, in framing section 1 of article 5 of our state constitution, to break down the distinction between these two classes of actions. That section, *inter alia,* provides: "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, are hereby prohibited." Remedial rights which were formerly exclusively cognizable at equity are to-day largely matters of statutory law, enforceable in actions at law. Thus, it is evident that ofttimes where formerly an appeal to the chancellor was necessary, in order to protect an existing right or to prevent a threatened injury, an appeal to the original law court is now, by virtue of our codes and statutory provisions, sufficient. The remedy of injunction formerly was a matter of exclusive equity jurisdiction. The writ was granted upon appeal to the conscience of the chancellor. It issued only in those cases where the law provided no remedy. It was a matter within the discretion of the chancellor, not a matter of right, and issued to prevent only those injuries which were irreparable, and for which no adequate remedy at law existed. Under our constitution and our code, as I understand it, the writ of injunction has come to be largely a matter of right. Section 4288 of the Revised Statutes, provides, *inter alia,* as

follows: "An injunction may be granted in the following cases: 1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof, consists in restraining the commission or continuance of the act complained of either for a limited period or perpetually. 2. When it appears by the complaint, or affidavit, that the commission or continuance of some act during the litigation would produce waste, great or irreparable injury to the plaintiff. 3. When it appears during the litigation that the defendant is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual." This section was construed by the supreme court of Idaho territory, in February, 1890, in the case of *Gilpin v. Mining Co.*, 2 Idaho, 696, 23 Pac. 547, 1014. In that case it was held that the removal of ores from a mining claim was waste; that a temporary injunction should issue to prevent the removal of ores from a mining claim which was in litigation, until the title thereto could be determined. The court in that case, speaking through Mr. Justice Berry, said: "To remove that mineral is certainly waste, and waste is one ground for the issuance of this writ. It is also great injury, and that is another ground, whether it be reparable or not. Irreparable injury is still another ground, disjoined in the statute from the other grounds. To remove the ore from the mine, and leave but a worthless shell to be contended for, would certainly have a 'tendency to render ineffectual' any judgment which plaintiff might recover." In that case Mr. Chief Justice Beatty, specially concurring, said: "Upon the record we have in this matter, were it a hearing upon the merits, I would hesitate to agree to the reversal; for, from the examinations I have been able to make of the testimony, I think its weight seems to be with the defendant. This, however, is not to settle the title to the ground in controversy, but only to preserve its full value until that title can be settled upon full hearing. Admitting the defendant is right, the inconvenience to it from an injunction will be less than would be the damage to plaintiff should he prove to

be right." The modern doctrine of injunctions for temporary purposes is tersely and correctly stated in 16 American and English Encyclopedia of Law, second edition, page 345, where it is said: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong, or the doing of any act whereby the right in controversy may be materially injured or endangered until a full and deliberate investigation of the case is afforded to the party. In many cases the court will interfere to preserve the property *in statu quo* during the pendency of a suit in which the rights to it are to be decided; and that without expressing, and often without having the means of forming, any opinions as to such rights. It is true that the court will not so interfere if it thinks that there is no real question between the parties; but, seeing that there is a substantial question to be decided, it will preserve the property until such question can be disposed of. In order to support an injunction for such purpose, it is not necessary for the court to decide upon the merits in favor of the plaintiff. The court must satisfy itself, not that the plaintiff has certainly the right, but that he has a fair question to raise as to the existence of such a right. The complainant may be entitled to preliminary injunction in cases where his right to the relief prayed may fail on a hearing on the merits. A preliminary injunction will never be granted unless from the pressure of an urgent necessity. The damage threatened, and which it is legitimate to prevent during the pendency of the suit, must be, in an equitable point of view, of an irreparable character. The writ will not usually be allowed where its effect is to give the plaintiff the principal relief he seeks without ever bringing the cause to trial." The same authority, at the same page, also says: "A preliminary injunction is not a matter of strict right. Its issuance rests in the sound discretion of the court; and the exercise of this discretion in granting or refusing the injunction will not, as a general rule, be reviewed on appeal, or otherwise controlled

or interfered with." (See the large number of authorities cited in the foot-notes to the text quoted above.)

In the case at bar the plaintiff's complaint shows his right to a certain mining claim; shows that the defendants were trespassing thereon, cutting timber for the purpose of removing the same, and would remove the same unless prohibited by the process of the court. It is true that the answer denies the title in the plaintiff, but it admits that the defendants were cutting timber upon said mining claim at the time the action was commenced. Suit was commenced October 9, 1900. The temporary injunction complained of was issued on the twenty-sixth day of February, 1901. The notice of the application for the injunction stated that an injunction would be asked "restraining the above-named defendants and all other persons from removing the timber and logs cut off from what is known as the 'Golden Group Placer Claim' by authority of defendants, and now banked on the Middle Fork of Boise river, ready for floating down said river to Boise, Idaho." Appellants complain that the injunction went further than this. This is true, as said injunction commanded that the defendants "do absolutely desist and refrain from entering upon the land and premises, or any part thereof, described in said complaint, and called the 'Golden Group Placer Claim,' and from cutting and removing or cutting or removing timber trees therefrom, or from removing saw logs heretofore cut from said premises, and banked upon the south bank of the Middle Boise river, upon said premises, and ready for floating down said river, and from committing any waste or nuisance upon said premises, or interfering in any manner whatever with the possession of the plaintiffs of, in, and to said premises, and the trees, timber, and logs thereon, until further ordered in the premises." It was shown at the hearing of the application for the temporary injunction complained of that appellants had ceased cutting timber upon said mining ground. The temporary injunction issued restrains them from further trespassing upon said premises, and from removing said logs or from cutting timber. It is true that the injunction goes somewhat further than the notice specified, yet inasmuch as

it commanded them to desist from doing an act that they had already ceased to do, namely, the cutting of timber, the injunction in this respect did not prejudice any right of the appellants, and the order granting same should not be reversed on that ground. The palpable object and intention in granting the temporary injunction complained of is to preserve the property in dispute *in statu quo* until the title is decided. Under the statute cited, and the construction thereof in the case of *Gilpin v. Mining Co., supra,* I am of the opinion that the plaintiffs were entitled to said injunction, and that the action of the judge of the district court in granting it should be affirmed. This statute modifies the old rules of chancery in regard to the issuance of injunctions. It says nothing whatever about the lack of an adequate remedy. We are therefore of the opinion that the authorities cited by the appellants to the effect that, if an adequate remedy exists in behalf of the plaintiffs, said injunction should be refused, have no application whatever to the case at bar, under the statute cited. The evidence produced at the application for injunction on behalf of plaintiffs shows that great damage would result to the plaintiffs if the appellants were permitted to remove the logs which they have heretofore cut upon the ground claimed by the plaintiffs. The evidence further shows that this timber has a peculiar value to the plaintiffs, for the reason that it is necessary for the working of the placer ground claimed by plaintiffs, and that its removal would necessitate the procuring and moving to the ground of other timber. The appellants insist, on the other hand, that the value of this timber can be ascertained, and damages can be fully computed, for which reason the injunction should not be issued, the defendants being solvent. Those were the ancient chancery rules, but not the rule of our statute cited *supra,* and as heretofore construed in *Gilpin v. Mining Co.,* cited *supra.* It has been held repeatedly in this court that the granting of an injunction is a matter within the discretion of the lower court and the judge thereof, and that that discretion should not be disturbed except in cases of clear abuse of discretion. The allegations of the complaint, if sustained at the trial,

will establish the ownership of the plaintiffs in the mining ground described, and to the timber cut therefrom by appllants, and which they have been temporarily restrained from removing, and the plaintiffs should be protected until the question of ownership is determined. If plaintiffs succeed in establishing their title, they are entitled to protection to their property in specie. Without the aid of injunction, I know of no other remedy which will fully protect them in their rights.

. But, going beyond the statute cited, and the case of *Gilpin v. Mining Co., supra,* and *Aveline v. Ridenbaugh,* 2 Idaho, 158, 9 Pac. 601, the trend of modern decisions and authorities upholds the right of plaintiffs to the remedy of injunction granted them temporarily by the district court. See the following authorities: *Davis v. Reed,* 14 Md. 152; *Fulton v. Harman,* 44 Md. 253; *Shipley v. Ritter,* 7 Md. 408, 61 Am. Dec. 371; *Smith v. Rock,* 59 Vt. 232, 9 Atl. 551; *De La Croix v. Villere,* 11 La. Ann. 39; *Lanier v. Alison* (C. C.) 31 Fed. 100; *United States v. Guglard* (C. C.), 79 Fed. 23; *Smith's Appeal,* 69 Pa. St. 474; *King v. Campbell* (C. C.), 85 Fed. 814; *Disbrow v. Hardwood Co.,* 17 App. Div. 610, 59 N. Y. Supp. 378; *King v. Stuart* .(C. C.), 84 Fed. 546; *Watson v. Sutherland,* 5 Wall. 74, 18 L. ed. 580; *Irwin v. Lewis,* 50 Miss. 368; *United States v. Parrott,* 7 Morr. Min. Rep. 335; *Boyce v. Grundy,* 3 .Pet. 210, 7 L. ed. 655. In *Watson v. Sutherland, supra,* the court said: "If the remedy at law is sufficient, equity will not relieve, but it is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." We are not in sympathy with the idea that a trespasser, notwithstanding that he may be solvent, may go upon the lands of another and cut timber thereon, and that the owner of such lands is not, under our statute cited *supra,* entitled to a temporary injunction to restrain the removal of said timber until the owner can establish his title to said land in an action commenced for that purpose. As was well said by Mr. Chief Justice Beatty in *Gilpin v. Mining Co., supra,* the inconvenience to the defendant from a temporary injunction will be less than would be the injury to plaintiff should plaintiff succeed in establishing his right.

The record before us shows that the judge of the district court, before granting the temporary injunction complained of, required the plaintiffs to execute an undertaking therefor in the sum of $3,000, presumably the full value of the logs in dispute, which undertaking was executed; and no objection appears to have been taken thereto—either as to the form of the undertaking, or the sufficiency of the surety thereon.

In closing, it is well to suggest that the appellants here do not assert title to the mining property claimed by plaintiffs, but disclaim any claim thereto. They claim their right to the timber in question on the ground that the land is vacant mineral land of the United States government. This does not help their case. Plaintiffs set up a placer mining location of said ground, and claim title thereunder. The property in question should be preserved until their alleged title is determined. Section 2322 of the Revised Statutes of the United States secures the plaintiffs, under their location, if legally made, the possession of their mining claim. That section of the statute provides that the locator or owner "shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their location," etc. The right granted by this statute is a strong and additional reason why the temporary injunction complained of here should not be disturbed pending the litigation as to the title asserted by plaintiffs. For the foregoing reasons, the order granting the temporary injunction appealed from should be, and is, affirmed. Costs awarded to respondents.

Sullivan, J., concurs.

Stockslager, J., having heard, as district judge, an application for an injunction in this cause, declined to sit at the hearing, and took no part in the decision.