(November 25, 1918.)

## ARTIE HARRIMAN, Appellant, v. C. T. WOODALL and JAMES WOODALL, Respondents.

### [176 Pac. 565.]

WRIT OF INJUNCTION—DISCRETION OF TRIAL JUDGE.

    The granting or refusal to grant an injunction is a matter resting largely in the discretion of the trial court, and will not be reversed on appeal unless it appears from the record that there has been an abuse of discretion on the part of the trial judge. Evi-

Opinion of the Court—Cowen, District Judge.

dence examined and *held* that there was not such an abuse of the discretion by the trial judge as would justify a reversal of an order denying the application for the writ of injunction.

[As to inherent powers of court generally, see note in **Ann. Cas.** 1914A, 100.]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.  Hon. R. M. Terrell, Judge.

Appeal from an order denying writ of injunction.  *Sustained.*

Budge & Merrill, for Appellant, cite no authorities on point decided.

Standrod & Smith, for Respondents.

An injunction is not a matter of strict right.  Its issuance rests in the sound discretion of the court, and the exercise of this discretion in granting or refusing an injunction will not, as a general rule, be reversed on appeal, or otherwise controlled or interfered with.  (1 Am. & Eng. Ency. Law, 345; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67.)

COWEN, District Judge.—This action was commenced for the purpose of procuring an injunction having the force and effect of a writ of restitution under the provisions of Rev. Codes, sec. 4288, subd. 6.

In his complaint the plaintiff, appellant here, alleged that on May 31, 1918, he was in the quiet and peaceable possession of a certain tract of land, consisting of about 1,500 acres, commonly known as the C. T. Woodall ranch, located about eight miles north of the village of Soda Springs, in Bannock county, Idaho; that while he was temporarily absent therefrom the respondents, on that date, wrongfully and unlawfully entered into possession of the said real property, refusing to restore possession to him and threatening that if he should go upon said property they would forcibly eject him therefrom; that he had valuable crops growing upon the

premises in need of his attention, and that he had no plain, speedy or adequate remedy at law.

From the foregoing alleged state of facts, appellant prayed for an order requiring the respondents to show cause why an injunction should not be granted restoring him to the possession of the said ranch, and fixing a time for the hearing of such order, and for general relief.

The complaint was filed on June 3, 1918, and an order to show cause was thereupon issued by the district judge, returnable on June 10, 1918. The appellant and respondents appeared with their witnesses on the date fixed, and the judge proceeded to take testimony of the respective parties, and afterward entered an order on the minutes of the court denying the application of the appellant for the writ, and afterward, on the 12th of July, entered a formal order denying the writ to the appellant, from which order this appeal is taken.

As this court views the matter, under the complaint in the action and the subdivision of the section of the code referred to, there were but two questions of fact in issue before the judge who heard the testimony: First, whether or not the respondents wrongfully and unlawfully entered and took possession of the ranch while the appellant was temporarily absent therefrom on May 31, 1918; and second, if so, were the respondents keeping the appellant out of possession thereof by threats?

It is to be observed that there are no findings of fact in the record. Neither the minute entry nor the formal order denying the application contain any findings of fact whatever, and this court is therefore compelled to presume that the findings of the judge who heard the matter were adverse to the contention of the appellant upon one or both of the questions of fact involved in the proceeding.

The general rule of law is that the granting or refusal to grant a writ of injunction is a matter largely in the discretion of the court, whether the writ asked for is temporary or permanent in character. (22 Cyc. 746; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387.) The appellate court will examine the rec-

ord only for the purpose of determining whether the trial judge has abused the legal discretion vested in him in granting or refusing the writ.

We have examined this record and find no dispute upon the first question. The record seems to disclose that the respondents took possession of the ranch during the temporary absence of the appellant therefrom, and there is a conflict in the testimony as to whether the appellant was being kept out of the possession by the threats of the respondents. The appellant made no attempt to retake possession of the ranch, and the only evidence of any threats is the conversation testified to by the appellant in which he says he asked the respondent C. T. Woodall if he would be allowed to go back to the ranch, to which Mr. Woodall replied "No," and he further testified that in another conversation the respondent C. T. Woodall abused him and told him that if he attempted to go back to the ranch he would be thrown off. The respondent C. T. Woodall admits having one conversation with the appellant, in which appellant asked him if he would be permitted to go back to the ranch, to which he replied "No," and testified that he only had the one conversation with the appellant.

This is practically all the testimony bearing upon the question as to whether appellant was kept out of the possession by means of threats.

With this substantial conflict in the testimony and with no findings of fact by the court below, this court is constrained to hold that there was not such an abuse of discretion on the part of the trial judge as would justify a reversal of the order denying appellant's application for the writ of restitution. The question of the right of respondents to retake possession under the terms of the lease ought not to be litigated in this character of action.

The order is accordingly sustained. Costs awarded to respondents.

Morgan and Rice, JJ., concur.