(February 25, 1919.)

## FRANKLIN PFIRMAN and FRANCES M. PFIRMAN, Respondents, v. SUCCESS MINING COMPANY, LIMITED, a Corporation, Appellant.

[179 Pac. 50.]

TEMPORARY RESTRAINING ORDER—ORDER CONTINUING SAME IN EFFECT—
COMPLAINT—AFFIDAVIT—SUFFICIENCY OF.

1.   Where a temporary restraining order is issued upon a verified complaint, it will not be vacated on appeal where the allegations of the complaint are sufficient to justify the issuance of the order.

2.   Where, upon a hearing in the district court on an order to show cause why a temporary restraining order should not be continued, the only matters before the court were the verified complaint, and an affidavit in support thereof, and the showing so made is sufficient to justify the court in continuing the restraining order in force, the order therefor will not be reversed on appeal.

[As to renewal of judgments, see note in 133 Am. St. 61.]

APPEALS from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Temporary restraining order issued and order continuing the same in force. *Affirmed.*

J. F. Ailshie, for Appellant.

An injunction should not be granted restraining the election of directors of a corporation unless there is clearly an irreparable injury going to result or that the petitioner's rights are clearly established and he has no other plain, speedy or adequate remedy. (Thompson on Corporations, sec. 955; 2 Cook on Corporations, sec. 616; 2 High on Injunctions, 2d ed., sec. 1235; *Ryan v. Seaboard & R. R. Co.,* 89 Fed. 385; *McHenry v. Jewett,* 90 N. Y. 58; *Reed v. Jones,* 6 Wis. 680; *Mitchell v. Colorado Fuel & Iron Co.,* 117 Fed. 723; *Bartlett v. Gates,* 118 Fed. 66; *Lucas v. Milliken,* 139 Fed. 816, 835.)

James A. Wayne and Franklin' Pfirman, for Respondents.

In a pressing emergency where fraud is charged an injunction is proper. (*Bartlett v. Gates,* 118 Fed. 66; *Ryan v. Seaboard & R. R. Co.,* 89 Fed. 385; 1 Thompson on Corp., sec. 955; 2 Cook on Corp., sec. 616.)

In the case at bar, all the allegations of the complaint stand admitted for the purpose of this appeal.

BUDGE, J.—This action is ancillary to *Pfirman v. Success Mining Co., Ltd.,* 30 Ida. 468, 166 Pac. 216. In that case the officers of the above-named company unlawfully refused to permit Pfirman, who was a stockholder therein, to examine the books, records and papers of the company and take copies thereof. The present action was brought to enjoin the holding of the annual stockholders' meeting, called for April 2, 1917, until the information sought in the former action was obtained.

On April 3, 1917, respondent Franklin Pfirman served and filed his affidavit covering the matters set forth 'in the complaint, including some additional matters not necessary to recite herein. On April 2, 1917, appellant made a motion to dissolve the restraining order, which was denied. On April 9, 1917, after a hearing on the order to show cause, an order was entered continuing the temporary restraining order in force until the further order of the court.

These appeals are from the order refusing to dissolve the temporary restraining order and from the order continuing it in force.

As no counter-showing was made, the only questions presented for our consideration are:

First, are the allegations of the complaint sufficient to justify the court in issuing the temporary restraining order? And second, are the allegations of the complaint, coupled with the matters set forth in the Pfirman affidavit, sufficient to justify the court in continuing the temporary restraining order in force?

We have carefully examined the complaint and the affidavit and have reached the conclusion that the court did not err either in issuing the temporary restraining order or in entering the order continuing the same in force.

The orders appealed from are affirmed. Costs are awarded to respondents.

Morgan, C. J., and Rice, J., concur.