(January 3, 1925.)

THOMAS L. ROWLAND, Respondent, v. KELLOGG POWER & WATER COMPANY, a Corporation, Appellant.

[233 Pac. 869.]

RESTRAINING ORDER—PRELIMINARY INJUNCTION—SUFFICENCY OF COMPLAINT TO JUSTIFY INJUNCTION—MOTION TO DISSOLVE INJUNCTION—DISCRETION OF COURT—UNDERTAKING—LIABILITY OF SURETIES.

1.   On an application for a preliminary injunction, if the plaintiff has made out a *prima facie* case, or if from the pleadings and the conflicting affidavits it appears to the court that a case is presented proper for its investigation on a final hearing, a preliminary injunction may issue to preserve the *status quo.*

2.   In an action for an injunction the complaint need not allege the insolvency of the defendant in order to warrant the granting of injunctive relief.

3.   Where the allegations of a complaint are sufficient to warrant the granting of injunctive relief prayed for, the granting thereof rests in the sound discretion of the trial court, and will not be disturbed unless abused.

4.  *Held,* that the allegations of the complaint in this case are sufficient to warrant the granting of the injunctive relief prayed for.

5.  A preliminary injunction should not be dissolved where the effect of such order would be to give the defendant the relief he seeks without bringing the cause to trial, and the exercise of the court's discretion in refusing to grant defendant's motion for dissolution will not be disturbed except upon a clear showing that such discretion has been abused.

6.  Where a temporary restraining order is by the order of the court continued in full force and effect as an injunction *pendente lite,* the bond originally given conditioned on the issuance of the temporary restraining order cannot be so continued in force as to hold the obligors to respond in costs, damages and reasonable attorney fees by reason of the granting of the injunction, unless the terms and conditions of the bond so provide.

7.  The liability of a surety upon a bond conditioned on the issuance of a temporary restraining order or on an injunction *pendente lite* is measured by the terms of the contract contained in the instrument.

8.  A temporary injunction which provides that the restraining order theretofore issued be continued in full force and effect during the pendency of the action and until the further order of the court is inoperative in the absence of the proper undertaking as required by C. S., sec. 6772.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Action for injunction. From order granting injunction *pendente lite,* defendant appeals. *Remanded with instructions to fix amount of bond.*

James F. Ailshie, James F. Ailshie, Jr., and Lester S. Harrison, for Appellant.

An allegation in a complaint that plaintiff is the owner of certain property "together with certain water right" is not sufficient, as it is incumbent on the plaintiff to allege and prove his title; and in the absence of such evidence he is not entitled to an injunction. (*Hamilton v. Adams,* 15

Ala. 596, 50 Am. Dec. 150; *Gray v. Malone*, 142 Ark. 609, 219 S. W. 742.)

A complaint for injunction should be sufficiently certain to negative every reasonable inference from the facts stated which would preclude the relief sought. (*Hannah v. Russ*, (Tex. Civ.), 238 S. W. 333; *Emde v. Johnson* (Tex. Civ.), 214 S. W. 575; *Fort Worth & D. C. Ry. Co. v. Craig* (Tex. Civ.), 176 S. W. 827; *Kell Milling Co. v. Bank of Miami* (Tex. Civ.), 168 S. W. 46.)

In order to justify the issuance of either a temporary restraining order or an injunction pending the action on the complaint alone, the complaint should be verified as an affidavit upon the knowledge of the one who verifies it, and it is not sufficient to verify it on belief only. (*Price v. Grice*, 10 Ida. 443, 79 Pac. 387; *Hecht v. Freisleben*, 28 S. C. 181, 5 S. E. 475; *Armstrong v. Freisleben*, 28 S. C. 605, 5 S. E. 479; *Burmester v. Moseley*, 33 S. C. 251, 11 S. E. 786; *Riley v. Treanor* (Tex. Civ.), 25 S. W. 1054; *Willis v. Lauridson*, 161 Cal. 106, 118 Pac. 530.)

A restraining order becomes *functus officio* upon the hearing on the order to show cause, and the obligations of the undertaking given in support of such restraining order do not extend beyond that date; therefore an order of the court granting an injunction *pendente lite* and continuing the undertaking in force cannot alter or extend the terms of the sureties' contract and liability. (*Scholtz v. American Surety Co.*, 35 Ida. 207, 206 Pac. 187, and cases cited; *Ex parte Zuccaro*, 106 Tex. 197, Ann. Cas. 1917B, 121, and note at page 123, 163 S. W. 579.)

James A. Wayne, for Respondent.

In a suit for an injunction, the complaint need not allege the insolvency of the defendant, or irreparable damage to the plaintiff. (*Staples v. Rossi*, 7 Ida. 618, 65 Pac. 67; *Wilson v. Eagleson*, 9 Ida. 17, 108 Am. St. 110, 71 Pac. 613.)

An allegation in a complaint for an injunction that plaintiff is the owner, in possession and entitled to the possession of the property described is a sufficient allegation of right

in the plaintiff to bring the suit. (*Louisville & N. R. Co. v. Scomp,* 124 Ky. 330, 98 S. W. 1024; *Prey v. Oemler,* 120 Ga. 223, 47 S. E. 546; *Fletcher v. Fletcher,* 123 Ga. 326, 470, 51 S. E. 418.)

The granting of a temporary restraining order, even upon a complaint the material allegations of which are denied by the defendant, is within the discretion of the trial court. (*Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394; *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1; *Angell v. Continental Oil Co.,* 19 Ida. 746, 115 Pac. 692; *Boise Dev. Co. v. Idaho etc. Bank,* 24 Ida. 36, 133 Pac. 916.)

BUDGE, J.—On July 21, 1923, respondent commenced an action against appellant to enjoin the latter, pending the final determination of the action, and thereafter permanently, from obstructing or cutting off the water and water supply used by respondent for a long period of years, conducted to and upon his premises through pipes and conduits. After alleging the corporate existence of appellant, respondent alleges:

"That the plaintiff now is, and at all times since April 10, 1918, has been the owner, in the possession of, and entitled to the possession of all of the following described property, to-wit: All of Lot No. 13 in Block No. 20 in the City of Wardner, according to the plat of said City of Wardner, County of Shoshone, and State of Idaho, which plat is now on file in the office of the County Recorder at Wallace, Idaho; together with certain water right acquired from the Kellogg Power & Water Company, the defendant herein. That plaintiff claims title to the above described property under and by virtue of an instrument in writing, to-wit: a Warranty Deed therein, dated the 10th day of April, 1918, from Stanly A. Easton to this plaintiff, which said deed was duly recorded on May 20, 1918, in Book 52 of Deeds, at page 567 thereof, records of Shoshone County, Idaho."

Respondent also alleges title to the above-described property for a period of more than five years immediately fol-

lowing the tenth day of April, 1918, and for a period of fifteen years prior to the commencement of the action, by adverse possession and particularly alleges:

"That the water owned by this plaintiff, and secured him as hereinbefore set forth, was at all the times herein mentioned conducted to the dwelling-house and buildings upon plaintiff's aforesaid lands and premises by means of pipes or conduits situated upon the lands and premises of plaintiff hereinbefore described. That on the 18th day of July, 1923, the defendant, acting through its agents and servants, and without the consent of this plaintiff, entered upon his aforesaid lands and premises and intentionally and maliciously, and with force and violence disconnected the aforesaid water-pipes or conduits and in some manner shut off the supply of water running through said pipes and conduits, so that the said water was no longer conducted to and into the dwelling-house and buildings of the plaintiff."

It is further alleged in this connection that the appellant would, unless restrained, continue to shut off the water supply as heretofore stated and respondent would be deprived of the use thereof for domestic purposes, for fire protection and for irrigation purposes or any use or purpose whatsoever. Respondent alleged that he had no plain, speedy or adequate remedy at law and prayed that appellant, its agents, attorneys, servants and employees be restrained from further interfering with his right to the use of his premises and the right to the use of the water theretofore enjoyed by him pending a final determination of the action, and upon the trial thereof that appellant be permanently enjoined from in any manner obstructing or interfering with the possession, occupation and use of such property and premises and water supply of respondent.

To the complaint, on August 2, 1923, appellant filed a general demurrer but no action was taken thereon and no answer was filed in the case. Upon the filing of the complaint and upon motion duly made an order to show cause and a restraining order was issued by the trial court. The

restraining order prohibited appellant, its agents, attorneys and employees, from obstructing or cutting off the water supply theretofore enjoyed by respondent and from in any manner interfering with the possession, occupation and use of said property and the water right and supply of respondent. The restraining order was to become effective upon the filing of an undertaking in the sum of $500, the order of the court in this respect being complied with.

On August 13, 1923, appellant moved the court for an order dissolving the temporary restraining order theretofore issued, based upon the grounds that the complaint did not set forth sufficient facts to authorize the issuance of the restraining order and that no fact or set of facts are set forth in the complaint justifying the issuance of the restraining order. On August 24, 1923, a hearing was had upon the motion, the latter being supported by affidavits and also by certain orders made by the Public Utilities Commission, the affidavits setting out in substance facts purporting to show that respondent was not the owner or entitled to the use or to have conducted to his premises the water theretofore used by him and the orders of the Public Utilities Commission in effect showing that respondent and others had enjoyed the right to the use of waters distributed by appellant as a public service corporation through its system, to the inhabitants of Kellogg and Wardner, which service respondent had received free of charge and ordering that there be no discrimination in the matter of the charging of rates for the use of water and that respondent be no longer the beneficiary of such free service. These orders of the Public Utilities Commission were based upon an *ex parte* hearing held by it for the purpose of fixing rates to be charged by appellant company to users of water through its system, to which hearing respondent was neither made a party nor afforded an opportunity to establish what, if any right, title or interest he had in or to the right to the use of the water theretofore enjoyed by him. Respondent filed no counter-affidavits but relied solely upon the allegations contained in the complaint. The trial court, at

the conclusion of the hearing, denied the motion to dissolve the restraining order but made an order that "the restraining order heretofore issued herein, be and the same hereby is, continued in full force and effect during the pendency of this action." The court also continued in force and effect the undertaking furnished by the respondent upon the issuance of the restraining order dated July 25, 1923. From the order denying appellant's motion to dissolve the temporary injunction and from the order continuing in full force and effect during the pendency of the action the restraining order theretofore issued, this appeal is taken.

Appellant specifies and relies upon four assignments of error. First, that the court erred in denying appellant's motion to dissolve the injunction on the moving papers for the reason that the complaint does not state facts sufficient to justify the granting of a temporary restraining order or injunction *pendente lite*. It is contended by appellant that the sole and only controversy between the parties involved a certain water right and that respondent failed in his complaint to show title in himself to any water or water right; that he does not undertake to describe his water right, neither does he identify it or allege facts sufficient to show ownership, right to possession or use such as would entitle him to a restraining order, or that would justify the issuance of a restraining order coupled with an order to show cause. Appellant further complains that nowhere in the entire complaint is it alleged or does it appear that Stanly Easton ever had title to this pretended water right or any water right, nor does it appear that the appellant corporation ever conveyed any water right to either Stanly Easton or the respondent, and in numerous other particulars undertakes to set out wherein the complaint is fatally insufficient to justify any relief or to warrant the interposition of injunctive relief. It is clear from a reading of the complaint that the right to the use of the water by respondent is not based upon an appropriation of the public waters of the state but is a right based upon a written contract as well as upon adverse possession. We are of the opinion

that the complaint is sufficient to warrant the injunctive relief prayed for, which being true, the granting of injunctive relief rests in the sound discretion of the trial court and will not be disturbed unless abused. (*Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Washington etc. Co. v. Coeur d'Alene Co.,* 2 Ida. 439, 17 Pac. 142; *Harriman v. Woodall,* 31 Ida. 750, 176 Pac. 565.)

C. S., sec. 6769, provides that: "An injunction may be granted in the following cases: . . . . when it appears by the complaint . . . . that the commission or continuance of some act during the litigation would produce waste, great or irreparable injury to the plaintiff."

It is alleged in the complaint that the plaintiff is and at all times since April 10, 1918, has been the owner, in the possession and entitled to the possession of the premises described therein, together with a certain water right acquired from appellant, and that he claims title to the above-described property under and by virtue of an instrument in writing, to wit: a warranty deed dated July 10, 1918, from Stanly A. Easton to respondent, the inference being that Stanly A. Easton acquired title to the premises described in the complaint and also to the water right appurtenant thereto and conveyed the same by warranty deed to respondent. The nature and character of the conveyance to respondent may be fully ascertained from an inspection of the deed, which is of record in Book 52 of Deeds at page 567, records of Shoshone county, Idaho. We are not of the opinion that in an action of this nature it is necessary for plaintiff to plead deraignment of title in order to be entitled to injunctive relief, but where he unequivocally alleges that he is the owner, in the possession and entitled to the possession and has so enjoyed the same for a long period of years and seeks to enjoin a trespass and further alleges that a continuance of the wilful or malicious act on the part of the appellant during the litigation will produce great or irreparable injury in that he would be denied the right to the use of water for domestic, culinary, fire protection and other legitimate uses, such as had been enjoyed theretofore, injunctive

relief will not be denied him upon the theory that the court abused its discretion.

The second assignment of error is predicated upon the action of the court in entering its order of October 17, 1923, continuing in force and effect the original restraining order issued July 25, 1923. In other words, appellant takes the position that in the face of its showing made upon the hearing to dissolve the restraining order, the same should have been dissolved and urges numerous reasons in support of its contention, among which are: That the complaint is insufficient to support an order of injunction in that it shows no location, appropriation or diversion of any water or water right by respondent, nor does it show any title to or ownership of any water right or that appellant was interfering with or interrupting the use of any water or water right belonging to the respondent; that all of the allegations of the complaint were unequivocally denied and controverted by affidavits of various persons and that it was clearly disclosed that appellant was entitled to all of the water or right to the use of water claimed by respondent and further, that respondent was seeking to have water delivered to him by appellant as a public utility free of charge, and further that the complaint failed to allege that the respondent could not respond in damages or that he would suffer great or irreparable injury if no injunction was granted. We have already disposed of the sufficiency of the complaint to warrant injunctive relief.

It is contended that the verification of the complaint is insufficient. We have examined such verification and find that the same complies with the requirements of C. S., sec. 6703, and that the same is sufficient. It is insisted that since all of the allegations of the complaint are fully and unequivocally denied by the affidavits in support of the motion to dissolve the injunction and that it is further affirmatively shown that respondent has no title or interest or claim to the right to the use of the water theretofore used by him, but that the water and the right to its use were in appellant, the court should have dissolved the injunction, particularly

in view of the fact that respondent relied solely upon the allegations of his complaint and offered no evidence in corroboration thereof by counter-affidavits or otherwise. While it is true that the trial court will consider the nature and object of the relief sought in the complaint as well as the property or rights requiring protection and the interests of the parties in the subject matter on a hearing on a motion to dissolve a preliminary injunction, the only purpose for which the complaint and affidavits in corroboration thereof, as well as counter-affidavits will be considered is for the purpose of determining whether a preliminary injunction should issue and not for the purpose of determining the cause upon its merits. Hence, it is not proper in an application of this character to make a final finding of facts or to grant relief which is only proper as a part of the final judgment. The rule is laid down in 32 Corpus Juris, 351, sec. 582, as follows:

"On an application for a preliminary injunction, it is not necessary that a case should be made out that would entitle complainant to relief at all events on the final hearing. If complainant has made out a *prima facie* case or if from the pleadings and the conflicting affidavits it appears to the court that a case is presented proper for its investigation on a final hearing, a preliminary injunction may issue to maintain the *status quo*."

It has been held that questions of title to real estate will not be passed upon although rights will be protected *pendente lite* even though the title is doubtful. (32 C. J. 365, sec. 610.) A water right is real estate in this state. (*Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Nielson v. Parker*, 19 Ida. 727, 115 Pac. 488; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.*, 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485.) A temporary injunction will not usually be allowed where its effect is to give the plaintiff the principal relief he seeks without bringing the cause to trial, neither should a preliminary injunction be dissolved where its effect would be such as to give the defendant the relief he seeks without bringing the cause to trial. The granting

of a preliminary restraining order is not a matter of right but rests in the sound discretion of the court. It is also within the sound discretion of the court to dissolve a preliminary restraining order and the exercise of this discretion will not be interfered with except upon a clear abuse. In an action for an injunction the complaint need not allege the insolvency of the defendant in order to warrant the court in granting injunctive relief. (*Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67.)

Coming now to appellant's third assignment of error, predicated upon the action of the court, after denying the motion to dissolve the temporary restraining order, in ordering and adjudging that the restraining order be and continue in full force and effect during the pendency of the action and until the further order of the court, and ordering further that the injunction bond furnished by respondent upon the issuance of the restraining order be continued in full force and effect, it will be observed that this assignment of error calls into question the power of the court to make a valid order substituting a temporary injunction for a temporary restraining order and continuing the bond given as a condition for the issuance of the restraining order. The temporary restraining order in this case was issued under the provisions of C. S., sec. 6773, and was coupled with an order to show cause. The temporary restraining order pending the hearing on the order to show cause became effective upon the filing of an undertaking in the sum of $500. The undertaking was filed and approved and provides, *inter alia,* that the obligors "hereby undertake, in the sum of $500 and promise to the effect that the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding the amount specified herein as the penalty thereof, as such party may incur or sustain, by reason of the said restraining order and injunction, if the court finally decide that the plaintiff was not entitled thereto."

The terms "temporary injunction" and "restraining order" are often used synonymously. However, a restraining order is effective only until a hearing is had upon the order

to show cause, and if upon such hearing an injunction *pendente lite* is granted, the latter supersedes the temporary restraining order, which has then served its purpose and becomes *functus officio*. There is a well-recognized distinction between a temporary restraining order and an injunction *pendente lite*. A temporary restraining order is generally granted without notice to the opposite party and is intended only as a restraint on the defendant until the propriety of granting an injunction *pendente lite* can be determined, and it goes no further than to preserve the *status quo* until that determination. On the other hand, an injunction *pendente lite* is rarely granted without notice, but when granted it is effective until the final determination of the cause in which it is issued, unless dissolved. A perpetual injunction, in the nature of things, is not granted until the entry of final decree and becomes a part of the judgment. While it may be conceded that it rests within the sound discretion of the trial court, where a temporary restraining order is issued, to direct that the temporary restraining order be continued in full force and effect as an injunction *pendente lite,* the bond given conditioned upon the issuance of the temporary restraining order cannot be so continued in force as to hold the obligors to respond in costs, damages and reasonable attorney's fees unless the bond by reason of its terms and conditions so provides. The liability of a surety upon a bond conditioned upon the issuance of a temporary restraining order or upon an injunction *pendente lite* is measured by the terms of the contract contained in the instrument, and it would seem that the court was without authority to modify or change the terms and conditions stipulated in the bond. In many other states it is left to the discretion of the trial court whether it shall require a bond upon the issuance of a temporary restraining order. (32 C. J. 312, sec. 507; *In re Mitchell,* 1 Kan. 643.) However, this court, in the case of *MacWatters v. Stockslager,* 29 Ida. 803, 162 Pac. 671, held that a restraining order issued under the authority of C. S., sec. 6773, is an injunction as defined by C. S., sec. 6768, and is void unless an undertaking be exacted of

and given by the plaintiff as required by C. S., sec. 6772. The bond in the instant case was given as required by the court, conditioned upon the issuance of the restraining order, and while it is true that it contains the following provision: "That the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding the amount specified herein as the penalty hereof, as such party may incur or sustain, by reason of the said restraining order and injunction, if the court finally decide that the plaintiff was not entitled thereto," the words "restraining order" and "injunction" were used synonymously and the clause "if the court finally decides that the plaintiff was not entitled thereto" has reference to the restraining order and not to an injunction *pendente lite*. An examination of the bond shows that it was given "in consideration of the premises and of the issuing of said restraining order and injunction." The restraining order had been issued but the injunction *pendente lite* had not and would not be issued until the determination of the order to show cause. From what has been said it is clear that the temporary injunction, conceding that the court had the power to issue the same, by ordering and adjudging that the restraining order theretofore issued be continued in full force and effect during the pendency of the action and until the further order of the court, was inoperative in the absence of a proper undertaking as required by C. S., sec. 6772. (*MacWatters v. Stockslager, supra; Scholtz v. American Surety Co.*, 35 Ida. 207, Ann. Cas. 1917B, notes, pp. 123, 126, 206 Pac. 187.)

We are unable to discover any merit in appellant's fourth assignment of error, in so far as it predicates error upon the action of the court affecting the order of the Public Utilities Commission by granting the original restraining order and later, the injunction *pendente lite*. Respondent does not claim that he is entitled to the use of free water, but, on the contrary, asserts an ownership in the right to the use of water, in which he claims to have absolute title both by purchase and adverse user, which is denied by appellant. Upon this issue of fact the cause may be determined as be-

tween the parties to the action, they being the sole and only parties interested so far as the record discloses. It would be an anomaly to hold under such a state of facts as we have before us; because the Public Utilities Commission, upon an *ex parte* hearing in a proceeding to fix rates, made a general finding to the effect that certain parties were receiving water free and directed that a proper charge be made therefor by the utility, that under no circumstances injunctive relief could be granted pending a determination of the rights of the parties who made claim in a proper proceeding in a court of competent jurisdiction.

The cause is therefore remanded, with instructions to the trial court to fix the amount of bond to be furnished as a condition to the granting of the injunction *pendente lite.* Costs are awarded to appellant.

McCarthy, C. J., William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.