(No. 5887. February 21, 1933.)

BLUE CREEK LAND & LIVESTOCK COMPANY, a Corporation, Respondent, v. BATTLE CREEK SHEEP COMPANY, a Corporation, JAMES H. LANE, WILLIAM GETTE, LOUIS BILBAO, and JOHN DOE and RICHARD ROE, Whose True Names are Unknown, Appellants.

[19 Pac. (2d) 628.]

Bissell & Bird, for Appellants.

Oppenheim & Lampert and C. J. Schooler, for Respondent.

BUDGE, C. J.—Appellants seek by this appeal to have reviewed the action of the trial court in denying their motion to dissolve a temporary restraining order enjoining them from permitting their livestock to trespass upon respondent's reservoir right of way and from permitting their livestock to use and drink the waters stored therein.

The complaint upon which the temporary restraining order was issued, after setting forth the qualifications of appellant and respondent corporations, contains the following allegations: that the individual appellants are employees of appellant corporation, and that respondent is the owner, in possession and entitled to possession of a right of way for a reservoir, particularly described, called the Blue Creek Reservoir, granted on September 25, 1922, to its predecessor in interest by the Secretary of the Interior of the United States. Respondent then alleges the acquisition by it of the right to the use of certain waters of Blue Creek, for purposes of irrigation, domestic use, stock-watering and storage, such water rights being represented by water licenses, and the continuous diversion and beneficial use of such waters for said purposes; that since and long prior to September 25, 1922, respondent and its predecessors in interest diverted, stored and diverted from storage all of the waters of Blue Creek during irrigation and nonirrigation seasons and have used said water to irrigate approximately 2,000 acres of land below said reservoir whenever water was available during the irrigation season and throughout the entire year for domestic and stock-watering purposes; that appellants have no right to the waters of Blue Creek, nor any right, title, claim or interest in the waters stored in Blue Creek Reservoir, but all of said stored water is the sole property of respondent; that respondent is engaged in rais-

ing livestock in the vicinity of said reservoir and upon its lands referred to above, and Blue Creek is the source of water supply therefor; that during the irrigation season of 1931 the waters of Blue Creek ceased to flow about July 1st, and since that time and prior to the filing of the complaint no water was available in said creek for anyone other than the waters theretofore stored by plaintiff in said reservoir, which had not been used for irrigation purposes since July 1, 1931, but had been stored since that date by respondent for stock-watering purposes during the fall and winter of 1931; that on or about September 18, 1931, appellant corporation, by its agents and employees, unlawfully drove upon said reservoir right of way approximately 3,500 head of sheep and watered the same from the stored waters of plaintiff in said reservoir; and that respondent protested against such acts to said employees and agents of appellant corporation, who stated that they had been instructed by appellant corporation to water its sheep at said reservoir indefinitely and until otherwise ordered by it, and refused to desist from such use of said stored water. Respondent alleges threatened continued use of its stored water by appellants and the exhaustion thereof by them unless restrained; that such water so stored is of great value to respondent for the reason that it had theretofore arranged to graze in the vicinity of said reservoir and water therefrom approximately 6,000 head of its sheep, and unless appellants are restrained said stored water will be exhausted before it can do so; and that by reason of the acts of appellants it has been damaged in the sum of $1,000. Respondent prays that appellants be enjoined from permitting their livestock to trespass upon respondent's reservoir right of way and from diverting, using and consuming the waters stored therein for the purpose of watering their livestock or any other purpose; that a temporary restraining order to that effect be issued; and that respondent have judgment for $1,000 and costs.

A temporary restraining order was issued as prayed for. Appellants thereafter filed a general demurrer and later, a

motion to dissolve the temporary restraining order on the ground that the complaint did not state facts sufficient to constitute a cause of action or facts warranting the issuance of said restraining order. Thereafter respondent moved to amend its complaint to correct the description of the reservoir right of way and to further describe its acquisition thereof by grant from the Secretary of the Interior of the United States under the federal statute hereinafter referred to. Appellants thereafter renewed their motion to dissolve to include the proposed amendments. The demurrer and motions were presented and heard together, and thereafter an order was made permitting the amendments to the complaint and overruling the demurrer and the motion to dissolve the temporary restraining order. This appeal is from that part of the order refusing to dissolve the temporary restraining order.

Appellants make and rely upon one assignment of error, namely: "The trial court erred in denying appellants' motion to dissolve the injunction for the reason that the complaint does not state a cause of action, nor does it state facts sufficient in law to warrant the injunction."

The rule is well established in this jurisdiction that the granting or refusing to grant, or the dissolving or refusing to dissolve, a temporary restraining order is addressed to the sound discretion of the trial court and its order will not be disturbed except upon a clear showing of such abuse. (*Gilpin v. Sierra Nevada Min. Co.*, 2 Ida. 696, 23 Pac. 547, 1014; *Staples v. Rossi*, 7 Ida. 618, 65 Pac. 67; *Price v. Grice*, 10 Ida. 443, 79 Pac. 387; *Shields v. Johnson*, 10 Ida. 454, 79 Pac. 394; *Weber v. Della Mountain Min. Co.*, 11 Ida. 264, 81 Pac. 931; *Castelbury v. Harte*, 15 Ida. 399, 98 Pac. 293; *Rowland v. Kellogg Power & Water Co.*, 40 Ida. 216, 233 Pac. 869; *Harriman v. Woodall*, 31 Ida. 750, 176 Pac. 565; *Washington Water Power Co. v. Crane*, 40 Ida. 310, 233 Pac. 878; *Independent Irr. Co., Ltd., v. Baldwin*, 43 Ida. 371, 252 Pac. 489.) In such cases the appellate court will examine the record only for the purpose of determining whether the trial judge has abused the legal

discretion vested in him in granting or refusing the writ. (*Harriman v. Woodall, supra.*) On an application for a preliminary injunction it is not necessary that a case should be made out that would entitle complainant to relief at all events on the final hearing. If, from the pleadings and affidavits, it appears that a case is presented proper for its investigation on a final hearing, a preliminary injunction may issue to preserve the property or rights in controversy *in statu quo* and to prevent irreparable injury thereto. (*Rowland v. Kellogg Power & Water Co., supra; Washington Water Power Co. v. Crane, supra; Shields v. Johnson, supra; Staples v. Rossi, supra; Weber v. Della Mountain Min. Co., supra; Gilpin v. Sierra Nevada Min. Co., supra; Buena Vista G. M. Co. v. Boise Basin Imp. Co., Ltd.,* 29 Ida. 789, 162 Pac. 330; 32 C. J. 351, sec. 582.) The general rule adopted by courts in granting an injunction *pendente lite* is more liberal than is applied upon the trial of a cause upon its merits. (*Boise Development Co. v. Idaho etc. Bank,* 24 Ida. 36, 49, 133 Pac. 916; *Buena Vista G. M. Co. v. Boise Basin Imp. Co., supra,* and cases therein cited.)

 It therefore becomes necessary to apply these rules to the facts involved here to determine whether or not the trial court abused its discretion in refusing to dissolve the temporary restraining order. The temporary restraining order was issued upon the complaint alone. No affidavits or counter-affidavits were filed nor evidence introduced in support of the motion to dissolve the temporary restraining order. We may therefore limit our discussion to a consideration of the sufficiency of the original complaint and as amended to determine whether the same states facts sufficient to constitute a cause of action to warrant the issuance of the temporary restraining order or to warrant the court in continuing such injunction in force.

"In determining whether the injunction granted on the original bill shall be dissolved, the amended bill should be looked to; and it will not be dissolved where the same injunction in effect should be granted on the amended bill,

which is at the same time under consideration." (*Belzoni Oil Co. v. Yazoo & M. V. R. Co.*, 94 Miss. 58, 47 So. 468.)

It should also be observed that upon a motion to dissolve a preliminary injunction before answer, or at any time, for want of equity in the bill the allegations of fact properly made therein, together with the inferences to be drawn therefrom, will be taken as true. In this respect the motion operates the same as a demurrer. (32 C. J. 412, sec. 708.)

Respondent has invoked injunctive relief to protect its rights in certain waters and in a reservoir right of way acquired from the federal government. It alleges that it has acquired the right to the use of certain waters of Blue Creek, represented by water licenses, based on continued beneficial use for irrigation, domestic use and stock water, and storage in said reservoir, which is alleged to be the sole property of respondent and that appellants have no right to such waters. With respect to such water it would seem that appellants' only claim of right thereto is that for stock-watering purposes on the public domain.

As to the reservoir rights, respondent alleges that the right of way for the Blue Creek Reservoir, here in question, was acquired through its predecessor under the provisions of U. S. C. A., Title 43, sec. 946, which provides as follows:

"The right of way through the public lands and reservations of the United States is hereby granted to any canal or ditch company, irrigation or drainage district formed for the purpose of irrigation or drainage and duly organized under the laws of any State or Territory, and which shall have filed, or may hereafter file, with the Secretary of the Interior a copy of its articles of incorporation, or, if not a private corporation, a copy of the law under which the same is formed and due proof of its organization under the same, to the extent of the ground occupied by the water of any reservoir and of any canals and laterals and fifty feet on each side of the marginal limits thereof, and, upon presentation of satisfactory showing by the applicant, such additional right of way as the Secretary of the Interior may

deem necessary for the proper operation and maintenance of said reservoirs, canals and laterals; also the right to take from the public lands adjacent to the line of the canal or ditch, material, earth, and stone necessary for the construction of such canal or ditch: *Provided,* That no such right of way shall be so located as to interfere with the proper occupation by the Government of any such reservation, and all maps of location shall be subject to the approval of the department of the Government having jurisdiction of such reservation; and the privilege herein granted shall not be construed to interfere with the control of water for irrigation and other purposes under authority of the respective States or Territories.''

Now, respondent alleges that during the irrigation season of 1931 the waters of Blue Creek ceased to flow about July 1st and thereafter there was no water available for it or anyone else except the water stored in said reservoir; that it had not drawn for irrigation purposes upon said stored water since July 1, 1931, and thereafter conserved and impounded in said reservoir all of said water for stock-watering purposes during the fall and winter of 1931, and from the complaint it may reasonably be inferred that the water was necessary for such purposes. Appellants take the position that the above section only affords a right of way for irrigation and certain subsidiary purposes, and not solely for stock-watering purposes, and that when respondent ceased to impound and use the water in said reservoir for purposes of irrigation and domestic use, such reservoir, reservoir site and the water therein became and were governed and controlled by the provisions of U. S. C. A., Title 43, sec. 952, providing as follows:

''Any person, livestock company, or transportation corporation engaged in breeding, grazing, driving, or transporting livestock may construct reservoirs upon unoccupied public lands of the United States, not mineral or otherwise reserved, for the purpose of furnishing water to such livestock, and shall have control of such reservoir, under regulations prescribed by the Secretary of the Interior, and the

lands upon which the same is constructed, not exceeding one hundred and sixty acres, so long as such reservoir is maintained and water kept therein for such purposes: *Provided, That such reservoir shall not be fenced and shall be open to the free use of any person desiring to water animals of any kind.*

"The Secretary of the Interior, in his discretion, under such rules, regulations, and conditions as he may prescribe, upon application by such person, company, or corporation, may grant permission to fence such reservoirs in order to protest livestock, to conserve water, and to preserve its quality and conditions: *Provided, That such reservoir shall be open to the free use of any person desiring to water animals of any kind;* but any fence, erected under the authority hereof, shall be immediately removed on the order of the Secretary."

and that by reason of the italicized portion of said section appellants or any other person desiring to water animals could not be deprived of the use of said reservoir for such purposes.

Respondent claims no right or benefit under section 952, *supra,* but relies for the protection of its rights on the provisions of section 946, *supra,* under which section it obtained the reservoir right of way in question. Neither of the foregoing statutes can be construed as permitting interference by the government with the rights of respondent to the use of the waters involved here as determined by the local customs, laws and decisions of courts of this state. (*Gutierres v. Albuquerque Land & Irr. Co.,* 188 U. S. 545, 23 Sup. Ct. 338, 47 L. ed. 588; *United States v. Rio Grande Dam & Irr. Co.,* 174 U. S. 689, 19 Sup. Ct. 770, 43 L. ed. 1136.)

That respondent acquired a right to the use of the waters of Blue Creek under the laws of this state cannot be seriously controverted, which right, under the allegations of its complaint, was entitled to protection by the issuance of the temporary restraining order until the matter could be finally determined. We do not feel that in this proceed-

ing we are called upon to determine the ultimate rights of the respective parties under the rules above announced. What their ultimate rights may be will be determined upon a trial of the issues properly framed.

We have carefully examined the original complaint and the complaint as amended and are of the opinion that they state facts sufficient to invoke the discretionary powers of the trial court and to justify its issuance of the order complained of, and that no abuse of discretion has been shown, either in the issuance of the same or the refusal to dissolve it. (*Pfirman v. Success Min. Co., Ltd.*, 32 Ida. 125, 179 Pac. 50.)

The order denying the motion to dissolve the temporary restraining order is therefore affirmed. Costs awarded to respondent.

Givens, Morgan and Holden, JJ., concur.